634 P.2d 7

**STATE of Arizona, Appellee,**

v.

**Reynaldo R. MARTINEZ, Appellant.**

**No. 1 CA–CR 4841.**

Court of Appeals of Arizona, Division 1, Department A.

June 18, 1981.

Rehearing Denied Aug. 19, 1981.

Review Denied Sept. 22, 1981.

Robert K. Corbin, Atty. Gen. by William J. Schafer III, Asst. Atty. Gen., Chief Counsel, Crim. Div. and Greg A. McCarthy, Asst. Atty. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender by Charles R. Krull, Deputy Public Defender, Phoenix, for appellant.

## OPINION

CONTRERAS, Presiding Judge.

Appellant was convicted of second degree burglary with three prior felony convictions and was sentenced to the Arizona Department of Corrections for a term of fourteen years. He asserts two arguments on appeal. First, he argues that because his prior convictions were used to enhance punishment under the recidivist statute,[1] they were improperly used as aggravating circumstances to enhance punishment beyond the presumptive term.[2] Secondly, he claims that during closing arguments the prosecutor impermissibly commented on his fifth amendment right not to testify we find that neither of these actions was error and therefore affirm the judgment and sentence.

Appellant's first argument is controlled by *State v. Bly*, 127 Ariz. 370, 621 P.2d 279 (1980), where it was held that use of a deadly weapon during the commission of a crime could be considered both to enhance punishment under A.R.S. § 13–604 and to permit deviation from the presumptive sentence under A.R.S. § 13–702. The court pointed out that the factors leading to enhanced punishment under A.R.S. § 13–604 reflect part of the legislative scheme to abandon the indeterminate sentencing policies in Arizona's previous criminal code in exchange for a balanced policy of presumptive sentencing with a narrow range of deviation left to judicial discretion. Thus, in A.R.S. § 13–604 the legislature has set the boundaries for sentencing where dangerous nature felonies or prior convictions are involved. A.R.S. § 13–702 permits deviation within those limits depending upon whether the court is persuaded that there are either aggravating or mitigating circumstances calling for a sentence greater than or lesser than the presumptive sentence.

As in *Bly*, we find no double jeopardy or double punishment principles which prevent the trial court from considering the same factor in deviating from a presumptive sentence as was used to enhance the presumptive term. Appellant has suggested no other theory in support of his argument. In addition, A.R.S. § 13–604(D) designates enhanced punishment where two or more felonies are involved. There is no graduated sentencing for prior convictions beyond the base level of two. This further reflects the intent of the legislature that the sentencing judge may consider the number of prior felony convictions, as well as their nature, in deciding whether to deviate from the presumptive sentence. Thus, we conclude that the trial court properly considered the prior convictions as aggravating circumstances in its determination of the sentence to be imposed.

Next, appellant argues that the prosecutor improperly commented on appellant's right not to testify. The evidence at trial discloses that in the early evening of June

1. A.R.S. § 13 604(D) provides:

[A] person ... convicted of a class 2 or 3 felony, and who has been previously convicted of two or more felonies shall be sentenced to imprisonment for at least twice the sentence and not more than four times the sentence authorized by § 13 701 for the offense for which the person currently stands convicted .... Upon imposing a sentence pursuant to this subsection the court shall impose as a presumptive term three-fourths of the median of the allowable range. The presumptive term may be mitigated or aggravated within the range prescribed under this subsection pursuant to the terms of § 13 702, subsections C, D & E.

2. A.R.S. § 13 702 provides in part:

C. The upper or lower term imposed pursuant to § 13 604 ... may be imposed only if circumstances alleged to be in aggravation or mitigation of the crime are found to be true by the trial judge....

Subsections D and E of § 13 702 list aggravating and mitigating circumstances which the court shall consider.

14, 1979, appellant and his co-defendant were watched by the victim's neighbor as they went on to the victim's property and later drove off in a white automobile. The neighbor called the police and appellant's car was stopped a short distance from the burglary. A stereo speaker cover taken from the victim's home was found in the trunk of appellant's automobile. During cross-examination of one of the arresting officers, counsel for appellant's co-defendant suggested an explanation for the cover being in the trunk:

Q. Did you ask defendant Martinez as to whether he was proceeding—assuming that he was proceeding on Culver—as to whether or not he stopped on the street to pick up this speaker off the street to put it in the trunk?

A. No, I don't recall ever asking him that.

Q. Do you think that might be an important fact in this case?

A. I asked about the speaker, but I didn't ask him that specific question.

Q. So you don't really know how the speaker got in the trunk, whether he picked it up off the street and put it in the trunk; you don't know where he found it; right?

A. No, sir. The speaker?

Q. Yes.

A. No, sir.

Co-defendant's counsel continued with this theory during his closing statement:

Obviously, the State would prefer not to utilize the logical extension of their speculation on inferences to say that, "Well, the speaker face was in the trunk." The State would prefer not to say, "Well, the defendants were driving around and saw this thrown on the street or ground someplace. They stopped and picked it up and put it in the trunk." That might be of some use or value. That's an alternative in terms of the circumstances that occurred, that which happened. That is an inference that the State would prefer not to use, would prefer for you not to consider.

In fact, when Officer Nebrich was on the stand we asked him the question, "Officer, did you question them as far as they would have gotten it"? He must not have thought to go into those important areas. . . .

Well, the defendants, particularly defendant Martinez, felt he had nothing to hide. He was new to the area. We know from the time framework he had just gotten to the area of where this burglary occurred, him being new to the area and driving by, and sees the item discarded on the road and puts the item in. What does he know as far as what this item means?

 In rebuttal, the prosecuting attorney during her final argument stated:

There's been no explanation from counsel on how this speaker cover which is Leatrice Sain's got in the trunk of the car. Counsel suggests to you a reasonable inference that they stopped along the road and picked it up. That comes from nowhere but counsel's mouth, and that's not evidence.

Did the defendants say they stopped and picked it up? "No, we never stopped." The defendants don't even support that theory. That comes straight from counsel, and it's not a reasonable inference and therefore it's not credible evidence. There's been no explanation for how this got in the trunk of the car.

When the statements by the prosecutor are considered in the foregoing context, we find such statements to be fair rebuttal to an area opened by the defense. Generally, a prosecutorial comment on a defendant's failure to testify is objectionable if such reference is calculated or intended to direct the jury's attention to the fact that a defendant has chosen to exercise his fifth amendment privilege. *Griffin v. California*, 380 U.S. 609, 85 S.Ct. 1229, 14 L.Ed.2d 106 (1965); *State v. Davis*, 115 Ariz. 3, 562 P.2d 1370 (App.1977). There is no fifth amendment violation here for the reason that the statements by the prosecutor were not designed to direct the jury's attention to appellant's failure to testify but were merely designed to point out that there was no

evidence to support the defense theory that the cover had been found instead of stolen. Thus, we find no error.

The judgment and sentence are affirmed.

OGG and DONOFRIO, JJ., concur.