823 P.2d 70

**STATE of Arizona, Appellee,**

v.

**Rosalio PEREZ LARA, Appellant.**

**No. 1 CA–CR 89–895.**

Court of Appeals of Arizona, Division 1, Department D.

Sept. 20, 1990.

Supplemental Opinion Dec. 24, 1990.

Review Granted July 1, 1991.

---

Robert K. Corbin, Atty. Gen. by Ronald L. Crismon, Acting Chief Counsel, Jessica G. Funkhouser, Chief Counsel, Criminal Div. and Janet Keating, Asst. Atty. Gen., Phoenix, for appellee.

Dean W. Trebesch, Maricopa County Public Defender by Paul C. Klapper, Deputy Public Defender, Phoenix, for appellant.

## OPINION

FIDEL, Judge.

After pleading no contest to manslaughter, a class 3 dangerous felony, defendant Rosalio Perez Lara was convicted and sentenced to an aggravated term of 12 years' imprisonment. On appeal, defendant alleges that the trial court erred in considering two aggravating factors: (1) that defendant killed a human being, and (2) that defendant used a motor vehicle as a dangerous instrument. We reject the latter argument, but accept the former. Because killing another person is an essential and irreducible element of manslaughter, it cannot serve to aggravate the presumptive sentence for that crime.

## FACTS AND PROCEDURAL BACKGROUND

A police officer saw defendant run a red light at Buckeye Road and 51st Avenue in Phoenix, travelling about 65 miles per hour. As the officer followed in pursuit, defendant ran a second stoplight at Buckeye Road and 43rd Avenue, where he struck and killed a motorcyclist. Defendant stopped when he collided with a chain link fence several hundred feet from the collision, then fled on foot until he was spotted by a police air unit and arrested. Defendant's blood alcohol content was .139 three to four hours after the accident.

After accepting defendant's no contest plea to the charge of manslaughter, the trial court sentenced him to an aggravated term of 12 years' imprisonment, the maximum term the plea agreement allowed. The trial court explained this sentence as follows:

> Mr. Perez, what makes this even worse than it would have been is just prior to this accident, you almost hit another vehicle. At that point, you should have known that you were not controlling your vehicle. You could have stopped. You didn't do that. You kept on going at a very high rate of speed.
>
> The Court determines the following aggravated circumstances exist: *You killed a human being;* you used a very dangerous instrument in doing so, that is driving a motor vehicle while you were under the influence of intoxicating liquor. You inflicted financial harm on the victim's family. But far more severe than that, you inflicted emotional damage to them from which they may never recover. You demonstrated a total disregard for the safety of the public, and you demonstrated a total disregard to the life of human beings.
>
> Based on those aggravating circumstances, the Court determines that you

should be sentenced to an aggravated term.

(Emphasis added).

## DEATH CANNOT AGGRAVATE MANSLAUGHTER

A.R.S. § 13–702(D) provides in part: "For the purpose of determining the sentence ... the court shall consider ... (1) Infliction or threatened infliction of serious physical injury. (2) Use, threatened use or possession of a deadly weapon or dangerous instrument during the commission of the crime."

Defendant argues that, because the infliction of death is a defining element of manslaughter, it cannot constitute an aggravating factor under A.R.S. § 13–702(D)(1).

Analysis begins with *State v. Bly*, in which our supreme court considered the trial court's designation of defendant's use of a deadly weapon as an aggravating factor in a sentence for armed robbery. The court pointed out that use of a deadly weapon had been included by the legislature among the aggravating factors specified in A.R.S. § 13–702(D), and the court concluded that it had been appropriately applied in *Bly*. 127 Ariz. 370, 372, 621 P.2d 279, 281 (1980). Armed robbery, however, may be committed with a simulated deadly weapon. A.R.S. § 13–1904(A). Thus, as the supreme court later explained, the aggravating factor approved in *Bly* was not an essential definitional element of the crime. *See State v. Orduno*, 159 Ariz. 564, 567, 769 P.2d 1010, 1013 (1989).

Recently, this court upheld the use of a necessary element of the crime to aggravate a sentence "[w]here the degree of the defendant's misconduct rises to a level beyond that which is *merely necessary* to establish an element of the underlying crime." *State v. Germain*, 150 Ariz. 287, 290, 723 P.2d 105, 108 (App.1986). In *Germain*, a case of reckless manslaughter,[1] we observed that the defendant's recklessness went well beyond the requisite minimum.

---

1. A.R.S. § 13–1103 provides in pertinent part: A. A person commits manslaughter by: (1) Recklessly causing the death of another person.

*Id.* at 291, 723 P.2d at 109. We added, however, that recklessness no more than minimally sufficient to establish the requisite culpable mental state could not simultaneously aggravate the defendant's sentence. *Id.* at 290, 723 P.2d at 108.

■ More recently, in *State v. Orduno*, a DUI case, our supreme court held that a motor vehicle operated by a defendant could not be considered a "dangerous instrument" for purposes of A.R.S. § 13–604 sentence enhancement because it was "an essential and ·necessary element of the crime." 159 Ariz. at 566, 769 P.2d at 1012 (emphasis added). Although the *Orduno* court carefully limited its holding to the interplay between the dangerous instrument provision of 13–604 and DUI cases, it elucidated general principles applicable here.[2]

■ Aggravating factors allow a trial court to distinguish among nominally similar crimes. A.R.S. § 13–702(D)(1) authorizes an aggravated sentence when the infliction of serious physical injury increases the seriousness of the underlying crime. But because all manslaughters must, by definition, entail injury serious enough to cause death, § 13–702(D)(1) cannot serve to distinguish one manslaughter as more aggravated than another. It is inherent in our sentencing scheme that the "presumptive" sentence is indeed presumptive for conduct that satisfies each element of the crime. The trial court must designate conduct that exceeds the elements and aggravates the circumstances to justify a longer sentence than the presumptive. *See Bly,* 127 Ariz. at 372, 621 P.2d at 281. An aggravating factor must surpass the definition of the crime. *State v. Sexton,* 163 Ariz. 301, 303, 787 P.2d 1097, 1099 (1989).

We acknowledge that this court has extended *Bly* in decisions irreconcilable with the principle we develop in this case. *State v. Just,* 138 Ariz. 534, 675 P.2d 1353 (App. 1983) (death of victim is an appropriate

aggravating factor for a second degree murder sentence); *State v. Meador,* 132 Ariz. 343, 645 P.2d 1257 (App.1982) (same); *State v. Howard,* 163 Ariz. 47, 51, 785 P.2d 1235, 1239 (App.1989) (death of victim is a proper aggravating factor for negligent homicide).

In each of those cases, as in *Bly,* the aggravating factor was numbered among the aggravating factors specified by the legislature in A.R.S. § 13–702(D). Those cases differed from *Bly,* however, in a respect later emphasized in *Orduno.* Use of a deadly weapon—the designated aggravating factor in *Bly*—was not an essential definitional element of armed robbery; it was simply one among several ways that an offender could accomplish that crime. Death of the victim—the designated aggravating factor in *Just, Meador,* and *Howard*—was an essential definitional element in those cases. This point of distinction was not addressed in *Just, Meador,* and *Howard.* The cases did not reject it; they did not discuss it all. We now focus on this point, as those cases did not.

We build today not on those cases but on *State v. Germain,* and the contrast between that case and this one helps us to define our present point. In *Germain,* we recognized that there can be degrees of recklessness and held that recklessness beyond the irreducible definitional degree could serve to aggravate the crime of reckless manslaughter. 150 Ariz. at 290, 723 P.2d at 108. In contrast, there are not degrees of death; death is an essential and irreducible element of manslaughter. We hold that an essential *and irreducible* element cannot serve to aggravate the crime that it defines.

## USE OF A DANGEROUS INSTRUMENT CAN AGGRAVATE MANSLAUGHTER

■ Our point is illustrated further by defendant's second argument, which we re-

---

**2.** Aggravating a sentence under § 13–702, as the trial court did in this case, differs from enhancing a sentence under § 13–604, as considered in *Orduno.* Sentence enhancement raises the permissible range of punishment, while aggravation elevates a sentence within the previously defined range. We reach our decision today,

however, not because of the similarities of §§ 13–604 and 13–702, but because it makes no more sense to aggravate than to enhance a sentence on the basis of an essential and irreducible element of the crime. As we recognized in *Germain,* something further is required.

ject. Defendant argues that the trial court impermissibly designated his use of a dangerous instrument as an aggravating factor. We disagree. Defendant committed manslaughter in this case by "[r]ecklessly causing the death of another person." A.R.S. § 13–1103(A)(1). Nowhere does § 13–1103 require the use of a dangerous instrument. Because the use of a dangerous instrument does not define the crime, the trial court did not err to consider it an aggravating circumstance.

### CONCLUSION

 We find that the trial court, in sentencing defendant, relied on an inappropriate aggravating circumstance, the death of the victim. The trial court might permissibly have imposed the same sentence based on the other aggravating factors that it named. But because "it is unclear whether the judge would have imposed the same sentence absent the inappropriate [factor], the case must be remanded for resentencing." *State v. Ojeda,* 159 Ariz. 560, 561, 769 P.2d 1006, 1007 (1989).

We affirm the judgment of conviction, but remand for sentencing in accordance with *Ojeda.*

BROOKS, P.J., and TAYLOR, J., concur.

### SUPPLEMENTAL OPINION

FIDEL, Judge.

By motion for reconsideration, the state points out that our decision perpetuates a misstatement by the supreme court in *State v. Orduno,* 159 Ariz. 564, 769 P.2d 1010 (1989). The issue is the import of *State v. Bly,* 127 Ariz. 370, 621 P.2d 279 (1980).

In *Bly,* the supreme court upheld the trial court's designation of use of a deadly weapon as an aggravating factor in a sentence for armed robbery. In *Orduno,* however, the supreme court limited *Bly* by numbering it among a group of cases "in none of [which] was the sentence enhancing factor a *necessarily* included element of the underlying felony." *Orduno,* 159

Ariz. at 567, 769 P.2d at 1013 (emphasis in original).

In our initial disposition of this case, we attempted to explain the supreme court's comment by reference to A.R.S. § 13–1904(A), which provides that armed robbery may be committed with a simulated deadly weapon. The state correctly points out, however, that § 13–1904(A) was not enacted until 1983, three years after the decision in *Bly.* *See State v. Rodriguez,* 164 Ariz. 107, 109, 791 P.2d 633, 635 (1990) (discussing history of Arizona's armed robbery statute).

We acknowledge the mistake. Yet we believe that *Orduno* reveals a supreme court preference to limit the import of *Bly* and better indicates than *Bly* the emerging attitude of that court. Accordingly, we persist in our original opinion that an essential and irreducible element cannot serve to aggravate the crime that it defines. The state's motion for reconsideration is denied.

BROOKS, P.J., and TAYLOR, J., concur.