827 P.2d 473

The STATE of Arizona, Appellee,

v.

Oscar CALDERON, Appellant.

No. 2 CA–CR 91–0228.

Court of Appeals of Arizona,
Division 2, Department A.

Sept. 30, 1991.

Redesignated as Opinion Nov. 6, 1991.

Review Denied April 7, 1992.

Grant Woods, Atty. Gen. by Paul J. McMurdie and John Pressley Todd, Phoenix, for appellee.

Lingeman & Bock by Richard C. Bock, Tucson, for appellant.

**OPINION**

**PER CURIAM.**

Appellant was charged by indictment with conspiracy to sell over eight pounds of marijuana, sale of more than eight pounds of marijuana, and possession of marijuana for sale. Pursuant to a plea agreement, he pled guilty to the conspiracy charge, a class 2 felony, in exchange for the state's agreement to dismiss the remaining charges. He was sentenced on March 11, 1991, to an aggravated term of 12 years' imprisonment. Appellant filed a motion for reconsideration of the sentence, which was denied. Appellant appeals from the convictions and the sentence imposed. We affirm.

Appellant contends that the sentence is excessive, arguing that the trial court erred in finding no mitigating factors; he cites specifically to his expressed remorse as one such factor. In addition, he questions the propriety of some factors the trial court cited in aggravation.

■ On appeal, we will not disturb a sentence that is within the statutory range absent an abuse of discretion, as the trial court is in the best position to evaluate a defendant. *State v. Thomas*, 142 Ariz. 201, 688 P.2d 1093 (App.1984). An abuse of discretion may be characterized as arbitrariness or capriciousness, or a failure to conduct an adequate investigation into the facts relevant to sentencing. *State v. Patton*, 120 Ariz. 386, 586 P.2d 635 (1978).

■ Prior to imposing sentence, the trial court noted the following aggravating circumstances: involvement of an accomplice, that the crime was committed for monetary gain, the large amount of drugs involved, and the defendant's prior drug conviction. The court found no mitigating factors. Although the defendant's remorse may be a mitigating factor, we cannot say that the trial court abused its discretion in failing to consider it a mitigating factor here. The court was well aware of appellant's claimed remorse; indeed, appellant raised the court's failure to find his remorse a mitigating factor in his motion for rehearing. As the court noted at sentencing, it was

also aware that he had committed another offense, albeit 15 years earlier, also involving drugs. Perhaps the court simply was not persuaded that appellant was, indeed, remorseful or that such remorse amounted to a factor in mitigation. The trial court is in a better position than we are to make such an assessment. Based on this record, it appears that the trial court soundly exercised its sentencing discretion in finding no mitigating factors, and we see no reason to interfere.

 We also reject appellant's contention that the trial court erred in considering the fact that he had an accomplice in aggravation because he pled guilty to conspiracy. Appellant argued in his motion for rehearing that it "seems to be improper as well as cruel and unusual ... to find as aggravating factors those things which are inherently necessary to constitute the offense." See State v. Lara, 170 Ariz. 203, 823 P.2d 70 (Ct.App.1990). This argument was made to the trial court in the motion for reconsideration, and while the court agreed that it should not have relied on the accomplice as an aggravating factor, it was inconsequential as the court still imposed the aggravated sentence and did not find any reason to alter the sentence notwithstanding this concession. Thus, even assuming arguendo that the trial court was correct in stating that it should not have considered the factor, any error was harmless.

 We also reject appellant's argument that the court erred in considering as an aggravating factor a 1976 conviction for conspiracy to possess marijuana with intent to distribute. Although A.R.S. § 13-702(D)(11) provides that the trial court shall consider a felony conviction "within the ten years immediately preceding the date of the offense," the sentencing statute does not preclude the use of an older felony conviction in aggravation. The trial court may, under subsection (D)(13) of the statute, consider "[a]ny other factors which the court may deem appropriate to the ends of justice." We reject appellant's argument that the rule of lenity dictates that the statute be construed as precluding the con-

sideration of a conviction older than ten years. As the state points out, there is no ambiguity in the statute; therefore, the rule of lenity does not apply. Moreover, this rule of statutory construction is inapplicable in any event; criminal statutes are to be construed according to "the fair meaning of their terms to promote justice and effect the objects of the law." A.R.S. § 13-104; State v. Lammie, 164 Ariz. 377, 380, 793 P.2d 134, 137 (App.1990). In concluding that it could consider the conviction here, the trial court correctly interpreted the sentencing statute. We cannot say that the court's consideration of the prior conviction here was an abuse of the court's sentencing discretion. As the court stated at the hearing on the motion for rehearing, it found the prior conviction significant in that it reflected that after more than 14 years, appellant was still dealing in drugs.

 Appellant also contends that the trial court should not have considered in aggravation the fact that the offense was committed for pecuniary gain and the involvement of a large quantity of drugs because he only received $1,000 while serving as a middle man, the trial court should have been "aware that a 123 pound marijuana conspiracy case is in no way an unusually large quantity of drugs" and the court had heard other cases involving much larger quantities. The arguments, presented to and rejected by the trial court, are patently meritless. Based on this record, the trial court properly considered both factors in aggravation.

We have reviewed the entire record for fundamental error and, having found none, we affirm the conviction and sentence.

LIVERMORE, C.J., LACAGNINA, P.J., and HOWARD, J., concur.