830 P.2d 803

**STATE of Arizona, Appellee,**

v.

**Rosalio Perez LARA, Appellant.**

**STATE of Arizona, Appellee,**

v.

**Clarence Dene MALONE, Appellant.**

**Nos. CR–91–0039–PR, CR–91–0131–PR.**

Supreme Court of Arizona,
En Banc.

April 2, 1992.

Grant Woods, Atty. Gen. by Paul J. McMurdie, Chief Counsel, Crim. Appeals Section, Crane McClennen, Asst. Atty. Gen., Phoenix, for appellee.

Dean W. Trebesch, Maricopa County Public Defender by Paul Klapper, Deputy Public Defender, Phoenix, for appellant Lara.

Martin, Hart & Fullerton by James R. Hart, II, Mesa, for appellant Malone.

OPINION

MOELLER, Vice Chief Justice.

FACTS AND JURISDICTION

In this consolidated proceeding, we review two court of appeals' opinions that address the same issue and reach different results: *State v. Malone*, 171 Ariz. 321, 830 P.2d 842 (App.1991) and *State v. Lara*, 170 Ariz. 203, 823 P.2d 70 (App.1990).

In *Malone*, defendant was convicted of armed robbery and kidnapping, both class 2 dangerous felonies. The trial court imposed aggravated sentences based, in part, on a finding that defendant had used a weapon in the commission of the crimes. The court of appeals affirmed, relying on *State v. Bly*, 127 Ariz. 370, 621 P.2d 279 (1980), to hold that the state could properly

use the weapon to: (1) increase the charge from robbery to armed robbery pursuant to A.R.S. § 13–1904; (2) enhance the sentence pursuant to an allegation and finding of dangerousness under A.R.S. § 13–604(G); and (3) aggravate the sentence pursuant to A.R.S. § 13–702(D)(2).

In *Lara,* defendant pled no contest to manslaughter, designated as a class 3 dangerous felony. The trial court imposed an aggravated sentence based, in part, on its finding that defendant had killed a human being and had used a dangerous instrument in doing so. Although the sentence imposed was within the range permitted by the plea agreement, defendant challenged it on appeal. The court of appeals remanded for resentencing, relying on *State v. Orduno,* 159 Ariz. 564, 769 P.2d 1010 (1989), to hold that because death of the victim is an "essential and irreducible" element of manslaughter, the trial court erred by considering the death as an aggravating factor at sentencing.

We granted review in both cases pursuant to Rule 31.19, Ariz.R.Crim.P., 17 Ariz. Rev.Stat.Ann. (A.R.S.) (1987), to clarify the situation. We have jurisdiction pursuant to Ariz. Const. art. 6, § 5(3) and A.R.S. § 12–120.24. We hold that *Bly* controls these non-DUI cases, and that the *Orduno* principle is limited to DUI cases.

## QUESTION PRESENTED

Whether the holding in *State v. Orduno,* 159 Ariz. 564, 769 P.2d 1010 (1989), to the effect that the motor vehicle in a DUI case cannot also be used as a "dangerous instrumentality" to enhance sentencing, changes the rule of *State v. Bly,* 127 Ariz. 370, 621 P.2d 279 (1980), which held, in a non-DUI case, that the trial court could consider the use of a weapon for both enhancement and aggravation purposes.

## DISCUSSION

### I. Arizona's Sentencing Scheme

A.R.S. § 13–701(C) sets forth the presumptive sentences for felony offenses. These sentences are subject to enhancement pursuant to A.R.S. § 13–604(F) and

(G) if the felony is alleged and found to be "dangerous," i.e., involving the "intentional or knowing infliction of serious physical injury" or the "use or exhibition of a deadly weapon or dangerous instrument." Additionally, sentences imposed under these subsections may be aggravated or mitigated pursuant to factors set forth in A.R.S. § 13–702(C), (D) and (E). Statutory aggravating circumstances include use of a deadly weapon, A.R.S. § 13–702(D)(2), and the infliction of serious bodily injury, A.R.S. § 13–702(D)(1).

### II. *Bly* and *Orduno*

In *Bly,* this court considered whether double jeopardy or double punishment considerations prohibited the legislature from establishing a sentencing scheme in which an element of a crime could also be used for enhancement and aggravation purposes. *See also State v. Gutierrez,* 130 Ariz. 148, 149, 634 P.2d 960, 961 (1981); *State v. Tresize,* 127 Ariz. 571, 574, 623 P.2d 1, 4 (1980). In *Bly,* defendant pled guilty to two counts of armed robbery, both class 2 dangerous felonies. Under section 13–604(G), the sentencing range was 7 to 21 years, with 10.5 years being the presumptive term. The trial court considered statutory aggravating and mitigating factors, including defendant's use of a deadly weapon, and, finding that the mitigation did not outweigh the aggravation, sentenced defendant to two concurrent presumptive terms of 10.5 years.

On appeal, defendant argued, in part, that his sentences violated the fifth amendment's prohibition against double punishment because the trial court used one factor (use of a deadly weapon) to raise the offense from robbery to armed robbery and also considered and weighed the same factor as an aggravating circumstance. *Bly,* 127 Ariz. at 371, 621 P.2d at 280. This court disagreed, pointing out that the use of a deadly weapon as an aggravating factor "does not expose appellant to additional punishment beyond the enhanced sentence. It is only within the range provided for dangerous class 2 felonies that the trial judge may consider the aggravat-

ing and mitigating circumstances." *Id.* at 372, 621 P.2d at 281. We concluded that "[i]f the presence of a deadly weapon, as an element of the crime or otherwise, moves the legislature to impose more severe punishment for the offense, we must abide by the legislative determination." *Id.* at 373, 621 P.2d at 282.

In the more recent *Orduno* case, this court considered whether "the operation of a motor vehicle in a DUI case also constitute[s] the use of a dangerous instrument under A.R.S. § 13–604(F) so as to enhance the DUI penalty." 159 Ariz. at 565–66, 769 P.2d at 1011–12. In resolving this question, we looked to the legislative intent underlying A.R.S. § 13–604(F) and (G). We concluded that, in the DUI context, a motor vehicle cannot be characterized as a dangerous instrumentality for purposes of enhanced sentencing because the legislature "well understood that the dangerous use of a motor vehicle was involved," and therefore "could not have intended that identical DUIs be punished differently depending on the whim of a particular jury panel." *Id.* at 566, 769 P.2d at 1012. *Orduno* expressly acknowledged our earlier decision in *Bly* and, by implication, the many non-DUI cases relying on *Bly*. We specifically limited our holding in *Orduno* "to a determination of the proper interplay between the 'dangerous instrument' language of A.R.S. § 13–604 as applied to a motor vehicle in a DUI case." *Id.*

### III. Court of Appeals' Decisions

Until *Lara*, the court of appeals consistently applied *Bly* to resolve cases challenging the use of a single element to both enhance and aggravate a sentence. *See, e.g., State v. Olsen,* 157 Ariz. 603, 606–07, 760 P.2d 603, 606–07 (App.1988) (negligent homicide); *State v. Just,* 138 Ariz. 534, 551, 675 P.2d 1353, 1370 (App.1983) (second degree murder); *State v. Rybolt,* 133 Ariz.

276, 281, 650 P.2d 1258, 1263 (App.1982) (first degree burglary); *State v. Meador,* 132 Ariz. 343, 346, 645 P.2d 1257, 1260 (App.1982) (second degree murder); *State v. Martinez,* 130 Ariz. 80, 81, 634 P.2d 7, 8 (App.1981) (second degree burglary).

The *Lara* court, however, held that "an essential *and irreducible* element [of a crime] cannot serve to aggravate the crime that it defines." *Lara,* 170 Ariz. at 206, 823 P.2d at 73 (emphasis in original). Reaching this conclusion, the court first discussed its prior holding in *State v. Germain,* 150 Ariz. 287, 723 P.2d 105 (App. 1986). In *Germain,* the court concluded that "reckless conduct which is merely sufficient to constitute an element of reckless manslaughter ... may not be used as an aggravating factor at sentencing" because "there is no provision under § 13–702(D) that specifically makes recklessness an aggravating factor." *Id.* at 290, 723 P.2d at 108. However, the court held that reckless conduct *beyond* that "which is merely sufficient to constitute an element of reckless manslaughter" could be considered under section 13–702's "catch all" provision, section 13–702(D)(13). *Id.*

*Germain* is inapposite because it addressed only the situation in which the legislature had not sought to specify an aggravating circumstance that was also an element of the crime. In contrast, the aggravating circumstances considered in *Lara*—death of a human being and use of a dangerous instrument—are both specifically enumerated in section 13–702(D)(1) and (2).[1]

In addition to the *Germain* case, the *Lara* court also relied on and extended our decision in *Orduno*. While the court acknowledged that "the *Orduno* court carefully limited its holding to the interplay between the dangerous instrument provision of 13–604 and DUI cases," it nevertheless concluded that *Orduno* "elucidated

---

1. The aggravating circumstance enumerated in section 13–702(D)(1) is "[i]nfliction or threatened infliction of serious physical injury." The parties and the court of appeals assumed, and we agree, that although "death" is not explicitly mentioned in 13–702(D)(1), "serious physical injury" is a necessarily included element of death.

Therefore, the trial court may properly consider death of the victim as an aggravating circumstance. *See also State v. Howard,* 163 Ariz. 47, 51, 785 P.2d 1235, 1239 (App.1989); *State v. Meador,* 132 Ariz. 343, 346, 645 P.2d 1257, 1260 (App.1982).

general principles applicable here." *Lara,* 170 Ariz. at 206, 823 P.2d at 73 (footnote omitted). Stated succinctly, that principle—one the court of appeals felt to be "irreconcilable" with *Bly*—is that an element of a crime cannot be used as an aggravating factor unless it "surpass[es] the definition of the crime." *Id.* (citing *State v. Sexton,* 163 Ariz. 301, 303, 787 P.2d 1097, 1099 (App.1989)).[2]

Were we today writing on a clean slate, we might well agree with the *Lara* court's extension of *Orduno*'s rationale. A healthy respect for *stare decisis,* however, and the frank recognition that *Bly* and similar cases have been relied upon to resolve hundreds, if not thousands, of non-DUI cases in Arizona, leads us to restate what we originally stated in *Orduno: Orduno*'s application is limited to DUIs. In reaffirming the rule of *Bly,* we also note that although the legislature has amended section 13–604 many times since *Bly* was decided, it has never modified or overturned the *Bly* rule. This confirms our original conclusion concerning the proper interpretation of the legislative scheme concerning non-DUI felonies.

Applying *Bly* to the cases before us, we hold that: (1) the trial court in *Lara* properly considered death of the victim as an aggravating circumstance under A.R.S. § 13–702(D)(1); and (2) the trial court in *Malone* properly considered use of a deadly weapon as an aggravating circumstance under A.R.S. § 13–702(D)(2).

### DISPOSITION

The sentences imposed by the trial courts are, in each case, affirmed. The opinion of the court of appeals in *Lara* is vacated. Although we agree with the result reached by the court of appeals in *Malone,* its opinion in that case is also vacated as having been superseded by this opinion.

CORCORAN, J., concurs.

2. *Sexton,* however, was a DUI case falling

FELDMAN, Chief Justice, specially concurring.

Because he used a gun in a robbery, defendant was prosecuted and convicted of armed robbery, a more serious crime than simple robbery. *See* A.R.S. §§ 13–1904 (armed robbery), 13–1902 (simple robbery). Because he used that gun, the sentence for armed robbery was then enhanced. *See* A.R.S. § 13–604(G). For the same reason, the enhanced sentence for armed robbery was also aggravated. *See* A.R.S. § 13–702(D)(2). All of this transpired because of this court's decision in *State v. Bly,* 127 Ariz. 370, 621 P.2d 279 (1980), which seemingly has been interpreted to hold that the legislature intended that an act used as an element to increase the severity of the crime could also be used as a factor to enhance and then to aggravate the sentence. *See, e.g., State v. Martinez,* 130 Ariz. 80, 81, 634 P.2d 7, 8 (Ct.App.1981).

One might well argue both that *Bly* did not expressly state that this was the legislature's intent and, even more cogently, that we should not infer so illogical an intent absent a clear legislative expression, which is notably lacking in these statutes. Today's decision thus reaffirms another unfortunate rule seemingly followed only in Arizona.

Nevertheless, I join in Justice Moeller's opinion because I share his "healthy respect for *stare decisis*" and his observation that, in reliance on this unwise statutory construction, hundreds if not thousands of sentences have been imposed in Arizona since *Bly* was decided in 1980. This is one of those cases in which we simply cannot undo that which has been done but can only hope that the legislature will correct our errors.

For these reasons, I concur with Justice MOELLER's opinion.

MYERS, J., and CAMERON, J. (Retired), concur in Vice Chief Justice MOELLER's opinion and Chief Justice FELDMAN's special concurrence.

squarely within the holding of *Orduno.*

GORDON, J., did not participate in this decision. Pursuant to article 6, § 3 of the Arizona Constitution, Judge Robert D. Myers of the Maricopa County Superior Court was designated to sit in his stead.