870 P.2d 1155

**STATE of Arizona, Appellee,**

v.

**Chester Lee PITTS, Appellant.**

**No. 1 CA–CR 92–0816.**

Court of Appeals of Arizona, Division 1, Department A.

Sept. 21, 1993.

Review Granted April 5, 1994.

**60**

Grant Woods, Atty. Gen. by Paul J. McMurdie, Chief Counsel, Crim. Appeals Section, and Linda L. Knowles, Asst. Atty. Gen., Phoenix, for appellee.

David J. Martin, Lakeside, for appellant.

## OPINION

GARBARINO, Judge.

■ Appellant Chester Lee Pitts (defendant) pled guilty to negligent homicide, a class 4 felony, and driving under the influence (DUI) on a suspended or revoked license, a class 5 felony. On appeal, the defendant argues that he was subjected to double punishment by the court's use of his prior DUI convictions as both a necessary element of the offense which resulted in his license being suspended or revoked and for aggravation purposes in the instant offense. We hold that a trial court cannot consider a defendant's prior DUI convictions as aggravating factors when those convictions were a necessary element of a prior offense which increased the severity of the crime for which the defendant is being sentenced.

## FACTS AND PROCEDURAL HISTORY

In 1986, the defendant was convicted of driving under the influence. He was ordered to attend a one-day alcohol education seminar. In March 1991, the defendant was again charged with driving under the influence. While these charges were pending, the defendant was indicted in 91–CR–166 on one count of second-degree murder for a shooting incident which occurred at the defendant's home.

In August 1991, during the pendency of 91–CR–166, the defendant was convicted of the March 1991 DUI offense. The court suspended the imposition of sentence, placed the defendant on three years probation, and ordered the defendant not to use alcohol. He was sentenced to thirty days in jail as a condition of his probation. Additionally, the court suspended and revoked his driver's license effective September 3, 1991.

On September 13, 1991, the defendant was again arrested for driving under the influence. As a result of this incident, the defendant was charged by indictment in 91–CR–474 with driving under the influence of intox-

icating liquor while his license was suspended or revoked, a class 5 felony.

On March 16, 1992, in a consolidated change of plea proceeding, the defendant pled guilty in 91–CR–166 to an amended charge of negligent homicide, a class 4 felony. He also pled guilty in 91–CR–474 to aggravated DUI, a class 5 felony.

The court sentenced the defendant to a presumptive term of four years of imprisonment for the crime of negligent homicide and to an aggravated term of two and one-half years of imprisonment for aggravated DUI, the sentences to run consecutively. As a factual basis for the aggravated DUI, the court found that the defendant was driving under the influence while his license was suspended and revoked. The defendant was ordered to pay restitution in the amount of $3,353.40 and $200 to the victim compensation fund.

The defendant timely appealed.

### ISSUES

1. Whether it was permissible for the trial court to consider the defendant's prior DUI convictions as aggravating factors for sentencing purposes in 91–CR–474 when the suspension and revocation of his driver's license, which resulted from those convictions, was a necessary element of the offense for which he was sentenced.

2. Whether the trial court erred in considering the defendant's 1986 DUI conviction as an aggravating factor when sentencing the defendant in the negligent homicide case.

### DISCUSSION

The defendant was convicted under Arizona Revised Statutes Annotated (A.R.S.) section 28–692.02(A)(1).[1] At the time of his September 1991 DUI, the statute read:

A. A person is guilty of aggravated driving or actual physical control while un-

der the influence of intoxicating liquor or drugs if the person does … the following:

1. Commits a violation of § 28–692 while the person's driver's license is suspended, cancelled, revoked or refused or in violation of a restriction placed on a driver's license as a result of violating section 28–692 or 28–694.

■ On appeal, the defendant argues that because the suspension and revocation of his license was an element of aggravated DUI, the court cannot also consider his prior DUIs as aggravating factors under A.R.S. section 13–702.

A.R.S. section 13–701(C) sets forth the presumptive sentences for felony offenses. Sentences imposed under this subsection may be aggravated or mitigated pursuant to the factors set forth in A.R.S. section 13–702(C), (D), and (E) if the court is persuaded that these factors exist and that they call for a sentence greater than or lesser than the presumptive sentence.

Our analysis begins with *State v. Bly,* 127 Ariz. 370, 621 P.2d 279 (1980), in which our supreme court considered whether the defendant's sentences violated the fifth amendment right against double punishment when the trial court considered the use of a deadly weapon to raise the offense from robbery to armed robbery and also considered and weighed the same factor as an aggravating circumstance. The court held that it was not double punishment to consider an element of a crime both to enhance punishment pursuant to A.R.S. section 13–604 and as an aggravating factor under A.R.S. section 13–702. 127 Ariz. at 372–73, 621 P.2d at 281–82. The court emphasized a specific legislative intent to impose more severe punishment for the use of weapons under A.R.S. section 13–702(D)(2). *Id.* at 373, 621 P.2d at 282.

In *State v. Orduno,* 159 Ariz. 564, 769 P.2d 1010 (1989), our supreme court considered whether the operation of a motor vehicle in a DUI case may also be deemed the use of a

---

1. Prior to June 28, 1990, section 28–692.02(A) stated that "[a] person is guilty of a *class 5 felony* if the person does any of the following:" (emphasis added). The June 1990 amendment changed subsection A to read that "[a] person is guilty of *aggravated driving* or actual physical control while under the influence … if the person does either of the following:" (emphasis added). In 1992, section 28–692.02 was again amended and renumbered as section 28–697. Laws 1992, Ch. 330, §§ 24(A), 28.

dangerous instrument for sentence enhancement purposes under A.R.S. section 13–604(F). The court held that it could not because the sentencing enhancing factor, the vehicle, was a necessarily included element of the offense. *Id.* at 567, 769 P.2d at 1013. The court reasoned that every DUI case involves the operation of a dangerous instrument, including DUI cases which are not felonies and, therefore, do not fall within the enhanced sentencing provisions of A.R.S. section 13–604(F). *Id.* at 566, 769 P.2d at 1012. The court specifically limited its holding to DUI convictions.

Following the court's limited application of *Orduno* to DUI cases, this court consistently applied *Bly* to resolve cases challenging the use of a single element to both enhance and aggravate a sentence until we considered *State v. Lara,* 170 Ariz. 203, 823 P.2d 70 (App.1990), *vacated,* 171 Ariz. 282, 830 P.2d 803 (1992). In *Lara,* the defendant pled no contest to manslaughter, designated as a class 3 dangerous felony. The trial court imposed an aggravated sentence based, in part, on its finding that the defendant killed a human being. On appeal, the defendant challenged the sentence, arguing that because the infliction of death is a defining element of manslaughter, it cannot also constitute an aggravating factor under A.R.S. section 13–702(D)(1). This court agreed, finding that "an essential and irreducible element [of a crime] cannot serve to aggravate the crime that it defines." 170 Ariz. at 206, 823 P.2d at 73 (emphasis deleted). Relying upon *Orduno,* we remanded for resentencing.

Thereafter, another panel of this court refused to follow *Lara* and instead applied the supreme court's holding in *Bly.* *See State v. Malone,* 171 Ariz. 321, 830 P.2d 842 (App. 1991), *vacated as superseded sub nom. Lara,* 171 Ariz. 282, 830 P.2d 803. In *Malone,* the defendant was convicted of armed robbery and kidnapping, both class 2, dangerous felonies. The trial court imposed aggravated sentences based, in part, on a finding that the defendant had used a weapon in the commission of the crimes. Relying upon *Bly,* this court held that the state could properly use the weapon to increase the charge from robbery to armed robbery, enhance the sentence pursuant to a finding of dangerousness, and aggravate the sentence.

In an attempt to reconcile this court's holdings in *Lara* and *Malone,* our supreme court granted review of both cases in a consolidated proceeding. Applying the principles enunciated in *Bly,* the supreme court rejected this court's holding in *Lara,* finding that the trial court properly considered the death of the victim as an aggravating circumstance under A.R.S. section 13–702(D)(1). 171 Ariz. at 285, 830 P.2d at 806. The supreme court also reconciled the inconsistencies between *Bly* and *Orduno* by stating:

> Were we today writing on a clean slate, we might well agree with the *Lara* court's extension of *Orduno*'s rationale. A healthy respect for *stare decisis,* however, and the frank recognition that *Bly* and similar cases have been relied upon to resolve hundreds, if not thousands, of non-DUI cases in Arizona, leads us to restate what we originally stated in *Orduno: Orduno*'s application is limited to DUIs.

*Id.*

Having set forth the history and applicable case law, we analyze its relevance to the case at issue. In our view, the law in this area is not clearly defined. It is clear that the *Bly* court permitted the use of a deadly weapon to be used as an aggravating factor, despite the fact that it was a necessary element of the crime, only because of the legislative mandate in A.R.S. section 13–702(D). Yet, this rationale was later extended to apply in varied contexts. *See State v. Howard,* 163 Ariz. 47, 51, 785 P.2d 1235, 1239 (App.1989) (death of victim is a proper aggravating factor for a negligent homicide conviction); *State v. Just,* 138 Ariz. 534, 551, 675 P.2d 1353, 1370 (App.1983) (death of victim and use of a deadly weapon are appropriate aggravating factors for a second degree murder conviction); *State v. Rodriguez,* 126 Ariz. 104, 107, 612 P.2d 1067, 1070 (App.1980) (use of a gun can support allegation of dangerousness to enhance punishment for aggravated assault).

The supreme court in *Lara* reconciled its holdings in *Bly* and *Orduno* by finding that *Orduno* was specifically limited to DUI cases. The court therefore concluded that *Bly* was the law to be applied in all non-DUI

cases because of the court's "healthy respect for *stare decisis*" and because of the multitude of non-DUI cases which have been resolved in reliance on *Bly*. *Lara*, 171 Ariz. at 285, 830 P.2d at 806. The court also noted that the legislature has amended A.R.S. section 13–604 a number of times since the court's decision in *Bly*, yet the legislature has never modified or overturned the *Bly* rule. *Id.*

In the present case, the defendant committed the crime of DUI while driving on a suspended or revoked license, a class 5 felony. The defendant's driver's license had been suspended and revoked as a result of two prior DUIs. At the time of sentencing, the court used those prior DUI convictions, which had resulted in the suspension and revocation of his driver's license, to aggravate his sentence. In our view, the use of the same DUIs to suspend and revoke his license and to aggravate the sentence is improper and constitutes double punishment.

We find that the supreme court's holding in *Orduno*, not *Lara*, controls this case. As the court emphatically stated in both *Orduno* and *Lara*, *Orduno*'s holding is limited to DUI cases. In our opinion, the supreme court in *Orduno* intended to carve an exception to the *Lara* rule for DUI cases. Because the present case involves a DUI conviction, logic dictates that *Orduno* rather than *Lara* controls.

We also note that it appears the legislative trend is toward adhering to the principles set forth in *Orduno*. The recent amendment to A.R.S. section 13–702 reflects a change in the law regarding sentence enhancement. Effective December 31, 1993, the court will be prohibited from using certain elements for the purpose of determining aggravating circumstances if those elements are essential in the offense of conviction or have been used to enhance the range of punishment under the dangerous and repetitive offender statutes. Laws 1993, Ch. 255, § 11. Although the amendment does not expressly overrule *Lara* and *Bly*, it clearly reflects a deviation from the precedent established in those cases.

Because of the supreme court's intent to distinguish DUI cases and the legislative trend toward a change in the law, we conclude that the principles set forth in *Orduno*

are controlling in this case. Accordingly, we hold that because an element of the present DUI charge is a suspended or revoked driver's license based on two prior DUI convictions, the court cannot use the same two prior DUI convictions as an element of the charge and as aggravating factors to increase the sentence. The practical effect of using the prior offenses for two different purposes in the same proceeding would be to penalize the defendant twice for the same conduct.

■ The defendant also argues the 1986 DUI conviction was too remote to be used as an aggravating factor for sentencing purposes in the negligent homicide case.

A.R.S. section 13–702(D)(11) provides that the court *shall* consider felony convictions occurring within ten years preceding the date of the present offense. In fact, *State v. Calderon*, 171 Ariz. 12, 14, 827 P.2d 473, 475 (App.1991), holds that the court may consider felony convictions older than ten years if they establish that a defendant is still engaging in the same conduct.

Here, the court considered the fact that the defendant had a DUI conviction five years earlier to conclude that he had notice that his alcohol consumption could lead to problems with the criminal justice system. We find that the trial court did not abuse its discretion by considering the prior DUI conviction at sentencing in weighing the aggravating and mitigating factors.

### CONCLUSION

We have reviewed the entire record for fundamental error. Having found no error other than that which occurred at sentencing, we affirm the defendant's conviction and sentence for negligent homicide and the conviction for aggravated DUI. Because we conclude that in sentencing the defendant for aggravated DUI, the trial court erred in considering the defendant's prior DUI convictions both to increase the severity of the crime and to aggravate the sentence, we remand for resentencing on this charge only.

CONTRERAS, P.J., and VOSS, J., concur.