874 P.2d 962

STATE of Arizona, Appellee,

v.

Chester Lee PITTS, Appellant.

No. CR–93–0490–PR.

Supreme Court of Arizona,
En Banc.

May 5, 1994.

Grant Woods, Atty. Gen. by Paul J. McMurdie, Chief Counsel, Cr. Appeals Section and Linda L. Knowles, Asst. Atty. Gen., Phoenix, for appellee.

David J. Martin, Lakeside, for appellant.

## OPINION

MOELLER, Vice Chief Justice.

### STATEMENT OF THE CASE

The trial court considered several factors, including defendant's prior DUI misdemeanor convictions, as aggravating factors in sentencing defendant for an aggravated DUI under A.R.S. § 28–692.02.[1] The court of appeals reversed, holding that defendant's prior DUI convictions were necessarily included elements of the current offense of aggravated DUI and, thus, under the rationale of *State v. Orduno*, 159 Ariz. 564, 769 P.2d 1010 (1989), not eligible for consideration as aggravating factors under A.R.S. § 13–702(D)(13). *State v. Pitts*, 178 Ariz. 59, 870 P.2d 1155 (App. 1993). We granted the state's petition for review to consider the correctness of this ruling and to provide trial courts with guidance in the many aggravated DUI cases that come before the courts of this state. We have jurisdiction pursuant to Rule 31.19, Ariz.R.Crim.P., and A.R.S. § 12–120.24.

### FACTUAL AND PROCEDURAL BACKGROUND

In 1986, defendant was convicted of misdemeanor DUI. In August 1991, defendant again was convicted of misdemeanor DUI. As a result of this second DUI, defendant

---

1. In 1992, A.R.S. § 28–692.02 was amended and renumbered as A.R.S. § 28–697. This opinion refers to statutes as they read and were numbered at the time of defendant's latest DUI offense.

was placed on probation and ordered not to consume alcohol. The court also suspended and revoked defendant's driver's license effective September 3, 1991.

On September 13, 1991, ten days after his license was suspended and revoked, defendant was arrested for a third DUI. This time, because his license had been suspended, he was charged with aggravated or felony DUI. A.R.S. § 28–692.02(A)(1). On March 16, 1992, defendant pled guilty to the charge of aggravated DUI, a class 5 felony, as well as to an unrelated negligent homicide charge, a class 4 felony not directly implicated in this proceeding. As a factual basis for the aggravated DUI, the court found that defendant was DUI while his license was suspended and revoked. A.R.S. § 28–692.02(A)(1).

At sentencing, the trial court gave defendant an aggravated term of 2½ years for the aggravated DUI. The trial court considered defendant's prior criminal history with respect to drinking alcoholic beverages, including his two previous misdemeanor DUIs, as an aggravating factor in enhancing the presumptive sentence, presumably under A.R.S. § 13–702(D)(13).[2]

Defendant appealed, arguing that because his prior DUIs were necessarily included elements of his current aggravated DUI the trial court was precluded from using them as aggravating factors. The court of appeals agreed and remanded for resentencing. We granted review.

## ISSUE

Whether the trial court properly considered defendant's prior misdemeanor DUI convictions as aggravating factors in sentencing defendant for aggravated DUI.

## DISCUSSION

Defendant was convicted of aggravated DUI pursuant to A.R.S. § 28–692.02(A)(1), which at the time of his arrest provided:

A. *A person is guilty of aggravated driving* or actual physical control *while under the influence* of intoxicating liquor

or drugs *if the person* does ... the following:

1. *Commits a violation of § 28–692 while the person's driver's license is suspended,* canceled, revoked or refused or in violation of a restriction placed on a driver's license as a result of violating section 28–692 or 28–694.

(Emphasis added.)

Defendant argued in the court of appeals that the statute, as applied in this case, should be read as follows:

A. A person is guilty of aggravated driving ... while under the influence of intoxicating liquor ... if the person:

1. Commits a violation of § 28–692 while the person's driver's license is suspended ... as a result of violating section 28–692.

If defendant's reading of the statute were the correct one, he would, indeed, have a plausible *Orduno* argument. But we do not subscribe to his reading of the statute.

Although the court of appeals did not say that it agreed with the defendant's reading of § 28–692.01(A)(1), it nevertheless held that "because an element of the present DUI charge is a suspended or revoked driver's license based on two prior DUI convictions, the [trial] court cannot use the same two prior DUI convictions as an element of the charge and as aggravating factors to increase the sentence." *Pitts,* 178 Ariz. at 63, 870 P.2d at 1159. In other words, while perhaps not expressly adopting defendant's reading of the statute, the court agreed with defendant's conclusion that his prior DUIs were necessarily included elements of the present offense of aggravated DUI. Thus, the court of appeals reasoned that, under *State v. Orduno,* 159 Ariz. 564, 769 P.2d 1010 (1989), and principles of double jeopardy, the priors could not be used for aggravation.

■ In *Orduno,* we held that the operation of a motor vehicle in a DUI case may not also be considered to be the use of a "dangerous instrument" for sentence enhancement

---

**2.** Because defendant's two prior DUIs were misdemeanors, they did not qualify as aggravating factors under A.R.S. § 13–702(D)(11).

purposes under A.R.S. § 13–604(F). Our holding in *Orduno* was expressly limited to DUI cases. *Orduno*, 159 Ariz. at 567, 769 P.2d at 1013; *see also, State v. Lara*, 171 Ariz. 282, 284, 830 P.2d 803, 805 (1992).

■ We disagree with the court of appeals' conclusion that defendant's prior DUI convictions were necessarily included elements of his aggravated DUI. As the trial court noted, defendant was convicted of aggravated DUI because he was driving under the influence while his license was suspended or revoked, not because he had a previous conviction for DUI. Defendant's license may have been suspended or revoked for any number of reasons, many of which are unrelated to driving under the influence. *See, e.g.*, A.R.S. §§ 28–441 *et seq.*[3]

The suspension, cancellation, revocation, or refusal of licenses referred to in A.R.S. § 28–692.02(A) need not have arisen out of a prior DUI conviction. *See, e.g., Ohara v. Superior Court*, 138 Ariz. 247, 674 P.2d 310 (1983) (under previous version of § 28–692.02, a person could be found guilty of aggravated DUI for a first DUI if she was driving under the influence while her license was suspended for some reason other than DUI).

■ The statutory interpretation utilized by the court of appeals would render meaningless the portion of the statute referring to a canceled license because a license cannot be canceled because of a DUI. *See* A.R.S. § 28–441. We presume the legislature did not intend to write a statute that contains a void, meaningless, or futile provision. *State v. City Court of Tucson*, 138 Ariz. 244, 246, 673 P.2d 988, 990 (App.1983). When possible, we interpret statutes to give meaning to every word. *Walker v. City of Scottsdale*, 163 Ariz. 206, 210, 786 P.2d 1057, 1061 (App. 1989).

The language of A.R.S. § 28–692.02(A)(1) indicates that the statute applies to anyone driving under the influence while his or her license is suspended or revoked, without regard to the reason for the suspension or revocation. Thus, defendant's prior DUI

convictions were not necessarily included elements of his aggravated DUI. As we expressly noted in *State v. Campa*, 168 Ariz. 407, 411, 814 P.2d 748, 752 (1991), "double punishment considerations ... are wholly inapplicable to defendant's conviction for DUI while driving on a suspended license because no prior convictions are implicated in that charge."

Because defendant's prior DUI convictions are not necessary elements of aggravated DUI, the rationale of *Orduno* is inapplicable to this case. DUI offenses are subject to the general sentencing statutes in Title 13, *Campa*, 168 Ariz. at 411, 814 P.2d at 752, so the trial court could properly consider defendant's prior DUI convictions as aggravating factors under A.R.S. § 13–702(D)(13).

### DISPOSITION

The trial court properly considered defendant's prior DUI convictions to aggravate defendant's sentence. We affirm defendant's conviction of and sentence for aggravated DUI. That portion of the opinion of the court of appeals dealing with this issue and remanding for resentencing is hereby vacated.

FELDMAN, C.J., and CORCORAN, ZLAKET and MARTONE, JJ., concur.

---

**3.** Former A.R.S. § 28–692.01(F), now incorporated into § 28–697, did make certain DUIs felonies based on prior misdemeanor DUIs within a certain time frame. This, however, is not such a case.