631 P.2d 1102
**The STATE of Arizona, Appellee,**

v.

**Scott Theo INGLISH, Appellant.**

**No. 2 CA–CR 2180.**

Court of Appeals of Arizona,
Division 2.

June 3, 1981.

Rehearing Denied July 2, 1981.

Review Denied July 21, 1981.

Robert K. Corbin, Atty. Gen. by William J. Schafer, III, and Gerald R. Grant, Asst. Attys. Gen., Phoenix, for appellee.

Michael D. Tidwell and Paul J. Matte, III, Apache Junction, for appellant.

## OPINION

BIRDSALL, Judge.

Pursuant to a plea agreement, appellant plead guilty to second-degree murder, a Class 2 dangerous felony, involving the use of a dangerous instrument or the intentional infliction of serious physical injury. The state agreed to dismiss the original first-degree murder charge and the remaining two felony counts in the indictment. Appellant was sentenced to a 15-year prison term, the court finding six aggravating circumstances to merit the imposition of a term greater than the presumptive sentence.[1]

In addition to the brief filed on his behalf by his counsel, appellant, in accordance with *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), has filed a supplemental brief. We have searched the entire record, find no error and affirm the judgment and sentences.

The issues raised on appeal are:

1) That the court erred in finding as an aggravating circumstance "the manner in which the offense was committed, that is, taking the person's body and dumping it in a mine shaft and setting fire to it";

2) That the appellant was subjected to double punishment for the reason that the court considered as an aggravating circumstance the death of the victim, whereas the death of the victim was an element of the crime, and

3) That since the court did not state on the record the mitigating circumstances which it considered, and found not to be sufficiently substantial to call for a lesser sentence, there can be no meaningful review of the sentence pronounced.

In order to address the first issue it is necessary that we briefly state the facts of the case. On June 6, 1980, the appellant and the victim were together at the victim's trailer home. Appellant claims that the victim made homosexual advances toward him which he resisted to the point of securing a piece of galvanized pipe with which he struck the victim several times on the head resulting in his death. He then wrapped the victim's body in a blanket and placed it on the floorboards of the victim's truck. He drove the truck to an old mining area and dropped the victim's body into an existing hole. He then threw wood in on top of the body and set it on fire after which he left in the victim's truck. Since he was seen driving the truck after the victim's disappearance was noticed, he became a suspect and eventually confessed to the murder and led the police to the sight of the cremation. When the remains of the body were recovered from the mine shaft, it was in such a condition that identification could only be made through the victim's dental records.

The parties have assumed in argument that the finding of the aggravated circumstance which we have set forth above constituted a finding by the trial judge under A.R.S. § 13–702(D)(5) that the defendant committed the offense in an especially heinous, cruel and depraved manner. We do not agree since A.R.S. § 13–702(D)(9) provides that the court may consider any other facts which the court may deem appropriate to the ends of justice. Our court has held that the circumstances of the crime may be considered in sentencing. *See State v. Myers*, 117 Ariz. 79, 570 P.2d 1252 (1977) *cert. den.* 435 U.S. 928, 98 S.Ct. 1498, 55 L.Ed.2d 524 (1978). Assuming, however, that counsel are correct that the court's finding was under the paragraph providing that the offense was committed in an especially heinous, cruel or depraved manner and that the only facts upon which this finding was made were the taking of the

---

1. The greatest sentence to which the defendant could have been sentenced was 21 years. The presumptive sentence was 10½ years. A.R.S. § 13–604(G); § 13–701(B)(1).

   We note that in a second case, the appellant had pled guilty to burglary in the second-degree and theft, Class 3 and 4 felonies respectively. His sentences of 5 and 4 years were pronounced to run concurrently with the murder sentence.

body to the mine shaft, making the pyre and lighting it, we believe that the finding was justified.

In *State v. Knapp*, 114 Ariz. 531, 562 P.2d 704 (1977) *cert. den.* 435 U.S. 908, 98 S.Ct. 1458, 55 L.Ed.2d 500 (1978), the Arizona Supreme Court adopted the following definitions of the statutory language:

"Heinous: hatefully or shockingly evil; grossly bad.

Cruel: disposed to inflict pain, [especially] in a wanton, insensate or vindictive manner: sadistic.

Depraved: marked by debasement, corruption, perversion or deterioration."
*Id.* at 543, 562 P.2d at 716.

■ Although the appellant's conduct in the instant case cannot be termed especially cruel since the victim was apparently dead as a result of the blows to the head before he was placed in the truck, we believe that the subsequent conduct was especially heinous and depraved.[2] In determining whether a murder has been committed in an especially heinous or depraved manner, the court must necessarily look to the facts demonstrating the killer's state of mind at the time of the offense. This state of mind may be shown by his behavior at or near the time of the killing. *State v. Lujan*, 124 Ariz. 365, 604 P.2d 629 (1979). Our Supreme Court in a first-degree murder case, *State v. Ceja*, 126 Ariz. 35, 612 P.2d 491 (1980), upheld a finding of an especially heinous and depraved killing where the defendant in a "barrage of violence" continued to shoot and abuse his victims even after he had killed them. In *State v. Clark*, 126 Ariz. 428, 616 P.2d 888 (1980) another first-degree murder case, our Supreme Court again, in affirming a finding of an especially depraved murder, said, in part, "In addition it must be noted that the appellant kept a spent bullet as a grisly souvenir of his crime". We hold that the conduct of the appellant in attempting to dispose of

the victim's body in this manner beyond a reasonable doubt constituted the commission of the offense in an especially heinous and depraved manner. *Contra Halliwell v. State*, 323 So.2d 557 (Fla.1975).

We hold that the second issue raised by appellant is controlled by the Arizona Supreme Court decision in *State v. Bly*, 127 Ariz. 370, 621 P.2d 279 (1980). Even though the crime of second-degree murder necessarily involves the killing of the victim, thus resulting in the infliction of serious physical injury, and that fact is used to make the crime one of a dangerous nature under A.R.S. § 13–604, since A.R.S. § 13–702(D)(1) provides that the court may consider the infliction of serious physical injury as an aggravating circumstance, the court was within its discretion in so doing. As explained in *Bly*, this did not result in double punishment. The defendant having committed second-degree murder was, under Arizona's sentencing scheme, subject to a sentence within the range of 7 to 21 years as set forth in our criminal code. A.R.S. § 13–604(G); § 13–701(B)(1).

■ The trial court in pronouncing sentence found that the aggravating circumstances were sufficiently substantial to call for a greater term than the presumptive sentence and that no mitigating circumstances were sufficiently substantial to call for a lesser term. The trial court made no record as to what mitigating circumstances may have existed which were not sufficiently substantial nor was that required. The record shows that the trial court had a pre-sentence report, which is also before us on appeal, and that a request for a mitigation hearing was withdrawn. At the sentencing hearing the court inquired of the appellant, "Do you have anything you would like to say on your own behalf before I sentence you?" The appellant responded, "No. I heard the basis and I read both of them. I know what has been

---

2. The facts in this case are remarkably similar to *State v. Bishop*, 127 Ariz. 53, 622 P.2d 478 (1980), in that the victim in that case was also struck on the head several blows with a claw-hammer and then dragged to an abandoned mine shaft into which he was either thrown or fell. Rocks were then thrown on top of the victim. However, in *Bishop* it appears that the victim may still have been alive in the mine shaft.

recommended. The court: You have no questions at this time from the court? Appellant: (Shakes head.)" The court also asked defense counsel if there were any legal cause why sentence should not be pronounced or whether he had anything to say and received a negative response. We hold that the court is not required to enumerate the mitigating circumstances or possible mitigating circumstances that it has considered in sentencing for the presumptive sentence or a period longer than the presumptive sentence. *See State v. Marquez,* 127 Ariz. 3, 617 P.2d 787 (App. 1980).

Affirmed.

HATHAWAY, C. J., and HOWARD, J., concur.