645 P.2d 1257

STATE of Arizona, Appellee,

v.

Darrell MEADOR, Appellant.

No. 1 CA–CR 4997.

Court of Appeals of Arizona, Division 1, Department A.

March 18, 1982.

Rehearing Denied May 3, 1982.

Review Denied May 25, 1982.

Robert K. Corbin, Arizona Atty. Gen. by William J. Schafer III, Chief Counsel, Crim. Div. and Jessica Gifford, Asst. Atty. Gen., Phoenix, for appellee.

Toci, Murphy & Beck by Richard A. Stewart, Prescott, for appellant.

## OPINION

OGG, Presiding Judge.

In this appeal we must determine if the trial court abused its discretion in imposing an enhanced punishment for the appellant/defendant's conviction of second degree murder. Specifically, we must examine the provisions of A.R.S. § 13–702(D) (aggravating circumstances) to determine if certain findings in aggravation, used to enhance the sentence by the trial judge, were warranted under the law and facts of the case.

The defendant was charged with first degree murder, armed robbery, and theft of property having a value of more than $1,000. After a jury trial, the defendant was convicted of second degree murder, robbery, and theft of property having a value of more than $1,000. Second degree murder is classified as a class two felony, dangerous offense. A.R.S. §§ 13–1104, 13–604(G). The defendant was thereafter sentenced to 21 years for second degree murder, 5 years for robbery, and 10 years for theft of property having a value of more than $1,000, with all sentences to run concurrently.

This appeal is limited to the 21 year maximum sentence imposed upon the defendant for his conviction on the charge of second degree murder. It is defendant's contention that such sentence should be reduced to the presumptive term of 10.5 years, or to a lesser term as is warranted by the mitigating circumstances of the case.

We will briefly set forth the facts necessary for an understanding of the issues raised in this appeal.

The defendant and his girlfriend, Cathey Jean Coyne, were picked up by the victim

while hitchhiking. After leaving Phoenix, Arizona, the defendant and the victim got out of the victim's automobile and walked out into a desert area away from the highway to urinate. Ms. Coyne stayed in the automobile. Approximately 10 to 15 minutes later, the defendant returned to the automobile alone and drove off in the victim's car accompanied by Ms. Coyne.

They were later both arrested in Forth Worth, Texas and Ms. Coyne returned to Arizona to assist officers in locating the victim's body.

The defendant testified that he struck the victim with his fist after the two had argued about the victim's sexual advances to Ms. Coyne. Ms. Coyne testified that the defendant told her he hit the victim with a rock. The blow to the head apparently killed the victim or rendered him unconscious. The defendant then drove away in the victim's automobile, accompanied by Ms. Coyne, and left the victim lying in the desert. The body of the victim was later located in a creekbed in a badly decomposed condition. The medical examiner testified that the victim died as a result of a skull fracture to the right front of the head which was caused by a blunt object.

At sentencing, the trial court, under the provisions of A.R.S. § 13–702(E)[1], found the following mitigating circumstances: "one, your age. The Court has considered your age, and you are 22 years of age. The Court has also considered the fact that you do not have any substantial prior record, and that would also appear to be a mitigating circumstance."

1. A.R.S. § 13–702(E) reads:

E. For the purpose of determining the sentence pursuant to subsections A and B of this section, the court shall consider the following mitigating circumstances:
  1. The age of the defendant.
  2. The defendant's capacity to appreciate the wrongfulness of his conduct or to conform his conduct to the requirements of law was significantly impaired, but not so impaired as to constitute a defense to prosecution.

The trial court determined that the aggravating circumstances outweighed the mitigating circumstances and imposed the maximum 21 year sentence for second degree murder. The trial judge specifically found five aggravating factors that were considered in enhancing the sentence imposed. These five aggravating factors, which are challenged in this appeal, are listed as follows:

(1) Infliction of a serious physical injury on the victim.

(2) Use of a dangerous instrument.

(3) Value of property taken.

(4) Offense committed in an especially heinous, cruel or depraved manner.

(5) Offense committed in expectation of receipt of something of pecuniary value.

A.R.S. § 13–702(D) states that for the purpose of determining the sentence to be imposed, the court shall consider the following aggravating circumstances:

1. Infliction or threatened infliction of serious physical injury.

2. Use, threatened use or possession of a deadly weapon or dangerous instrument during the commission of the crime.

3. If the offense involves the taking of or damage to property, the value of the property so taken or damaged.

4. Presence of an accomplice.

5. Especially heinous, cruel or depraved manner in which the offense was committed.

6. The defendant committed the offense as consideration for the receipt, or in the expectation of the receipt, of anything of pecuniary value.

3. The defendant was under unusual or substantial duress, although not such as to constitute a defense to prosecution.
4. The degree of the defendant's participation in the crime was minor, although not so minor as to constitute a defense to prosecution.
5. Any other factors which the court may deem appropriate to the ends of justice. In determining what sentence to impose, the court shall take into account the amount of aggravating circumstances and whether the amount of mitigating circumstances is sufficiently substantial to call for a lesser term.

7. The defendant procured the commission of the offense by payment, or promise of payment, of anything of pecuniary value.

8. At the time of the commission of the offense, the defendant was a public servant and the offense involved conduct directly related to his office or employment.

9. Any other factors which the court may deem appropriate to the ends of justice.

We will now proceed to examine each of the five challenged aggravating circumstances used by the trial judge to enhance the punishment for second degree murder.

### INFLICTION OF A SERIOUS PHYSICAL INJURY

■ The defendant argues that the death of the victim does not constitute an aggravating circumstance to justify an increased punishment for second degree murder. The defendant reasons that "the same intentional infliction of serious physical injuries which is an element of Second Degree Murder and which makes the offense a dangerous offense should not also be considered as an aggravating circumstance under A.R.S. § 13–702(D)(1) . . . ."

The Arizona Supreme Court has found that there is no double punishment where an element of the crime is used to classify an offense as dangerous pursuant to A.R.S. § 13–604 and where the same element is also used to enhance punishment under A.R.S. § 13–702. *State v. Tresize*, 127 Ariz. 571, 623 P.2d 1 (1980); *State v. Martinez*, 127 Ariz. 444, 622 P.2d 3 (1980). *See State v. Bly*, 127 Ariz. 374, 621 P.2d 283 (App. 1980). Following the double punishment analysis expressed in these three cases, it would appear that the trial court can consider the same matter as both an element of the crime and also for purposes of the enhancement of punishment.

We find the trial court properly considered the death of the victim as an aggra-

vating circumstance to enhance punishment under A.R.S. § 13–702(D)(1).

### USE OF A DANGEROUS INSTRUMENT

The trial judge found that the defendant used a dangerous instrument in the commission of the crime. The judge found that "the evidence was that the cause of death was a cranial fracture most likely committed by the use of a rock."

The defendant contends that when the jury acquitted him on the charges of first degree murder and armed robbery, they determined that there was reasonable doubt as to whether defendant had hit the victim with a rock. He points out that Dr. Keen, the Yavapai County Medical Examiner, testified that it was possible that the victim suffered a fractured skull when he fell to the ground.

The manner in which a trial judge may find aggravating circumstances is set forth in A.R.S. § 13–702(C). He must find the circumstances to be true based on "any evidence or information introduced or submitted to the court prior to sentencing or any evidence previously heard by the judge at trial, and factual findings and reasons in support of such findings [must be] set forth on the record at the time of sentencing."

■ The trial before a jury and the sentencing by a judge are two separate and distinct procedures. It is the function of the jury to determine the innocence or guilt of the defendant on the charge. A determination of guilt must be beyond a reasonable doubt and must be based solely on the evidence presented at trial; however, the jury is not required to make findings or give reasons for the verdict rendered.

■ On the other hand, the trial judge at sentencing, in making a finding of an aggravating circumstance, may consider all evidence and information presented at all stages of the trial, together with all probation and presentence reports and the testimony presented at the aggravation and

mitigation hearing prior to sentencing. For sentencing purposes, the trial judge will have a much broader information base than was presented to the jury at trial. There is no requirement in A.R.S. § 13–702(C) that a finding in aggravation must be made beyond a reasonable doubt. It is only necessary that such a finding be found to be true and that it be supported by reasonable evidence in the record.

■ We find nothing in the jury verdict that foreclosed the trial court from determining that defendant used a rock as a dangerous instrument to fracture the skull of the victim. There is reasonable evidence in the record to support such a finding. Ms. Coyne testified that the defendant told her he had hit the victim with a rock. Dr. Keen testified that the victim died as a result of a cranial depressed fracture approximately two to three inches in length. He further testified that in his professional opinion the fracture could not have been produced by a blow from a human fist and that the fracture was totally consistent with the state's theory that the victim was hit in the head with a rock.

We find the trial court properly considered the use of a rock as a dangerous instrument to be an aggravating circumstance under A.R.S. § 13–702(D)(2).

### HEINOUS, CRUEL OR DEPRAVED MANNER IN WHICH THE OFFENSE WAS COMMITTED

■ Under the provisions of A.R.S. § 13–702(D)(5), the trial court found that "this was committed in a cruel and depraved manner; even by your own testimony, Mr. Meador, you felt that the victim was dead, nevertheless you fled from the scene. You did not offer assistance to the victim or to his family. You made no effort to report the incident to law enforcement officials. . . . You left him either dead or dying miles from any hope of assistance to be torn apart by animals and left in a manner that would indicate that you were com-

pletely without conscious thought or remorse, all of which in this Court's estimation are cruel and depraved actions on your part."

The defendant contends that in using his failure to summon assistance as an aggravating circumstance, the trial court penalized him for exercising his right to remain silent.

It is clear from the record that the trial court based the finding of aggravation here on a number of factors, including, but not limited to, the fact that the defendant did not seek assistance for the helpless victim. There is reasonable evidence in the record establishing that the defendant struck the victim, dragged him to a creekbed, removed his shoes and wallet, and drove away in the victim's car.

We find the trial court properly considered these facts in aggravation under the provisions of A.R.S. § 13–702(D)(5).

### PECUNIARY GAIN AND VALUE OF PROPERTY TAKEN

As additional aggravating factors, the trial court considered the value of the property taken, A.R.S. § 13–702(D)(3), and that the offense was committed for pecuniary gain, A.R.S. § 13–702(D)(6). These two aggravating factors have been combined for disposition because they are similar and the same reasoning applies to both.

Defendant contends that the second degree murder conviction is not an offense involving the taking of property and thus the value of the property taken should not be used to aggravate the sentence under A.R.S. § 13–702(D)(3). The defendant further argues that by acquitting him of the charges of first degree murder and armed robbery, the jury determined that he had not killed the victim to facilitate the robbery. Accordingly he contends that there is no proof he killed for monetary gain and that A.R.S. § 13–702(D)(6) does not apply to aggravate the second degree murder sentence.

■ Under a strict and technical interpretation, these arguments have some appeal. However, this court is aware that an appellate court should be very hesitant to interfere with the trial court's discretion in sentencing as long as there is reasonable evidence in the record to substantiate the aggravating circumstances found by the trial court. Although the new sentencing provisions of our criminal code properly require findings and reasons for imposing a sentence in excess of the presumptive sentence, such a sentencing process can never be an exact science. The trial court has the opportunity to observe the appearance, attitude and demeanor of the defendant through all stages of the trial process, and we realize that it is difficult in some instances to articulate the reasons for a particular sentence within the framework of A.R.S. § 13–702(D). It is for that very reason that the legislature wisely inserted A.R.S. § 13–702(D)(9), which allows wide discretion to the trial court in the determination of what is an appropriate aggravating circumstance. It is hard to formulate language that would grant a wider range of discretion than A.R.S. § 13–702(D)(9), which allows the trial court to consider as an aggravating circumstance "[a]ny other factors which the court may deem appropriate to the ends of justice."

■ We therefore find that the trial court could have considered the value of the property taken and the fact the crime was committed for pecuniary gain under the broad provisions of A.R.S. § 13–702(D)(9). *See State v. Inglish*, 129 Ariz. 444, 631 P.2d 1102 (App.1981); *State v. Poling*, 125 Ariz. 9, 606 P.2d 827 (App.1979); *State v. Winans*, 124 Ariz. 502, 605 P.2d 904 (App.1979).

For the reasons stated herein, we find that the trial court properly considered the five listed aggravating factors and that the sentence imposed upon the defendant for second degree murder is affirmed.

CORCORAN and FROEB, JJ., concur.