IN THE COURT OF APPEALS

FILED BY CLERK

MAY 17 2012

COURT OF APPEALS
DIVISION TWO

| | | |
|---|---|---|
| THE STATE OF ARIZONA, | ) | |
| | ) | 2 CA-CR 2010-0380 |
| Appellee, | ) | DEPARTMENT A |
| | ) | |
| v. | ) | O P I N I O N |
| | ) | |
| JAMES DARRELL JOHNSON, | ) | |
| | ) | |
| Appellant. | ) | |
| | ) | |

APPEAL FROM THE SUPERIOR COURT OF PIMA COUNTY

Cause No. CR20054530

Honorable Deborah Bernini, Judge

AFFIRMED IN PART;
VACATED IN PART AND REMANDED

Thomas C. Horne, Arizona Attorney General
  By Kent E. Cattani and David A. Sullivan                          Tucson
                                                        Attorneys for Appellee

Lori J. Lefferts, Pima County Public Defender
  By David J. Euchner                                              Tucson
                                                       Attorneys for Appellant

E C K E R S T R O M, Presiding Judge.

¶1 Appellant James Johnson was convicted of second-degree murder and sentenced to an aggravated, twenty-two-year prison term. In this appeal, he raises numerous assignments of error regarding his sentencing proceedings. For the following reasons, we vacate his sentence and the jury's findings that the offense was committed in an especially cruel, heinous, or depraved manner, and remand the case to the trial court for further proceedings.

**Factual and Procedural Background**

¶2 Johnson was convicted after a bench trial of the second-degree murder of his former wife, and the court sentenced him to an aggravated, twenty-two-year prison term. In his first appeal, we found he had not waived his right to have a jury determine the aggravating factors to be used in determining his sentence and we remanded the case to the trial court. Upon remand, the jury found that Johnson had committed the murder in an especially cruel manner and in an especially heinous or depraved manner;[1] he had caused emotional harm to the victim's family; and he had disfigured the victim, depriving the family of an open-casket funeral. The court found the aggravating factors outweighed the mitigating factors and again sentenced Johnson to an aggravated, twenty-two-year

---

[1]Although committing the murder in an especially cruel, heinous, or depraved manner is just one statutory aggravating factor, *see* A.R.S. § 13-701(D)(5), the jury found and the court weighed them as two separate aggravators. We further discuss that issue below.

2

term of imprisonment.[2]   Johnson filed this timely appeal, and we have jurisdiction pursuant to A.R.S. §§ 12-120.21(A)(1), 13-4031, and 13-4033(A)(4).

## Sufficiency of Cruel, Heinous, or Depraved Murder[3]

¶3        Johnson argues the evidence presented was insufficient to prove the aggravating factor that the crime had been committed in a cruel, heinous, or depraved manner.  At the close of the aggravation hearing, he moved for a "judgment that [the] aggravating circumstance was not proven," pursuant to Rule 20, Ariz. R. Crim. P.  The trial court denied the motion, and we review its ruling de novo.  *See State v. West*, 226 Ariz. 559, ¶ 15, 250 P.3d 1188, 1191 (2011).

¶4        We will reverse the trial court's ruling "only if there is a complete absence of substantial evidence to support the charges."  *State v. Carlos*, 199 Ariz. 273, ¶ 7, 17 P.3d 118, 121 (App. 2001).  Substantial evidence has been defined as "more than a mere scintilla" and "proof that 'reasonable persons could accept as adequate and sufficient'" to

---

[2]Because our sentencing statutes were renumbered in 2009, and the relevant portions are materially the same as when Johnson committed the offense in November 2005, for ease and clarity we have referred to the current versions of those relevant statutes throughout this decision.  The relevant statutes in effect at that time, former A.R.S. §§ 13-702 and 13-710, can be found in 2005 Ariz. Sess. Laws, ch. 20, § 1; 2005 Ariz. Sess. Laws, ch. 133, § 1; 2005 Ariz. Sess. Laws, ch. 166, § 1; and 1994 Ariz. Sess. Laws, ch. 236, § 5.

[3]Although we vacate the jury's finding of this aggravating factor and remand for other reasons set forth below, we nonetheless address Johnson's sufficiency claim because the trial court arguably would be precluded from further consideration of this aggravating factor were we to conclude the state presented insufficient evidence to support it.

support a finding beyond a reasonable doubt. *State v. Mathers*, 165 Ariz. 64, 67, 796 P.2d 866, 869 (1990), *quoting State v. Jones*, 125 Ariz. 417, 419, 610 P.2d 51, 53 (1980). Denying a Rule 20 motion is proper "where reasonable minds could differ on the inferences to be drawn from the evidence presented." *State v. Belyeu*, 164 Ariz. 586, 590, 795 P.2d 229, 233 (App. 1990). We conclude sufficient evidence existed here that a reasonable jury could have found the factor beyond a reasonable doubt.

**¶5** Johnson relies primarily on capital cases to support his argument. The state counters that "reviewing courts have undertaken a much more holistic and far less rigorous analysis of this issue in the non-capital context," *citing State v. Stanhope*, 139 Ariz. 88, 94-95, 676 P.2d 1146, 1152-53 (App. 1984); *State v. Meador*, 132 Ariz. 343, 347, 645 P.2d 1257, 1261 (App. 1982); and *State v. Inglish*, 129 Ariz. 444, 445-46, 631 P.2d 1102, 1103-04 (App. 1981).[4] And, subsequent jurisprudence suggests our supreme court was compelled to set forth a narrowing construction to the especially cruel, heinous, or depraved aggravating factor to comply with Eighth Amendment standards that are arguably inapplicable in the non-capital context. *See Walton v. Arizona*, 497 U.S. 639, 652-56 (1990), *overruled on other grounds by Ring v. Arizona*, 536 U.S. 584 (2002); *see also Maynard v. Cartwright*, 486 U.S. 356, 361-62 (1988) (distinguishing vagueness

---

[4]These cases largely predate the later line of capital cases, issued by our state supreme court on the same topic, that provide a narrower construction for the meaning of the phrase "cruel, heinous, or depraved." *E.g.*, *State v. Walton*, 159 Ariz. 571, 586-87, 769 P.2d 1017, 1032-33 (1989) (cruelty depends on victim's experience before death and whether defendant intended or reasonably could foresee victim's suffering or mental anguish). Thus, whether the state's line of authority retains its vitality in the non-capital context has not yet been squarely resolved.

challenge to capital aggravating factors brought under Eighth Amendment from vagueness challenge under Due Process Clause). We also recognize, however, that almost all intentional murders can be characterized as cruel to the victim, and most all of those who commit such crimes arguably have acted in a heinous and depraved fashion. *See State v. Knapp*, 114 Ariz. 531, 543, 562 P.2d 704, 716 (1977) (recognizing "'all killings are atrocious'" and defining especially cruel, heinous, or depraved factor as applying to murders deviating from norm), *quoting Tedder v. State*, 322 So. 2d 908, 910 (Fla. 1975); *see also Maynard*, 486 U.S. at 364 (stating, without more guidance defining terms in aggravating circumstance, "an ordinary person could honestly believe that every unjustified, intentional taking of human life is 'especially heinous'"). Accordingly, Arizona's capital cases addressing this aggravating factor provide useful guidance to our juries and judges in assessing what features of such crimes appropriately support an aggravated sentence—a judgment requiring a determination whether the crime truly has been committed in a fashion more blameworthy than other second-degree murders. Assuming without deciding that the more rigorous standards set forth in the capital cases apply here, there is sufficient evidence to support the factor.

¶6        "A murder is especially cruel . . . when the victim consciously 'suffered physical pain or mental anguish during at least some portion of the crime and . . . the defendant knew or should have known that the victim would suffer.'" *State v. Dixon*, 226 Ariz. 545, ¶ 61, 250 P.3d 1174, 1185 (2011), *quoting State v. Morris*, 215 Ariz. 324, ¶ 61, 160 P.3d 203, 217 (2007); *accord State v. Smith*, 146 Ariz. 491, 504, 707 P.2d 289, 302

(1985). The victim need not have been conscious for every wound inflicted, *State v. Sansing*, 206 Ariz. 232, ¶ 7, 77 P.3d 30, 33 (2003), and there is no required period of suffering to prove the murder was especially cruel. *State v. Cropper*, 223 Ariz. 522, ¶ 13, 225 P.3d 579, 583 (2010).

¶7 The state presented evidence that Johnson had inflicted at least thirty-seven stab wounds to the victim's face, neck, chest, back, and upper extremities. She had defensive wounds on her hands and arms and had been moving during at least some of the attack; this constitutes evidence of a struggle, which can support a finding of cruelty. *See State v. Moody*, 208 Ariz. 424, ¶¶ 223, 225, 94 P.3d 1119, 1167 (2004) (evidence of blood throughout house, victim's defensive wound, broken fingernail, and lost contact lens supported finding of violent struggle and supported finding "'murder . . . was especially cruel'"); *see also Morris*, 215 Ariz. 324, ¶ 61, 160 P.3d at 217 (evidence of victims' struggle with attacker part of "overwhelming evidence of cruelty").

¶8 Moreover, a police detective testified the attack would have lasted between thirty to ninety seconds or longer. And, the forensic pathologist opined the victim's death was not instantaneous. *See Sansing*, 206 Ariz. 232, ¶ 12, 77 P.3d at 34 (several minutes necessary for victim to lose enough blood to die separately established physical pain component of cruelty factor); *State v. Herrera*, 176 Ariz. 21, 34, 859 P.2d 131, 144 (1993) (suffering from eighteen seconds to two or three minutes supported finding of cruelty). The foregoing was sufficient evidence from which a jury could have found that

6

the victim consciously suffered physical pain or mental anguish for some of the attack and that Johnson knew or should have known he was making her suffer.

¶9 Johnson contends "[t]he State produced no evidence to support the conclusion that [the victim] was conscious at the time of the incident or whether she was conscious of the pain," while conceding the evidence of defensive wounds on her hands was "evidence that [she] was conscious and suffering." Although he argues the defensive wounds could have resulted from "a reflexive act," and did not show consciousness, that is but one interpretation of the evidence. If reasonable people "could differ as to whether the evidence establishes a fact in issue, then the evidence is substantial," and a trial court does not err in denying a Rule 20 motion. *State v. McCurdy*, 216 Ariz. 567, ¶ 14, 169 P.3d 931, 937 (App. 2007). The trial court properly denied Johnson's motion for a judgment of acquittal insofar as there was substantial evidence he committed the murder in an especially cruel manner. Only one of the three subfactors listed in § 13-701(D)(5) must be proven in order for a sentence to be aggravated under this provision. *See State v. Hinchey*, 165 Ariz. 432, 438-39, 799 P.2d 352, 358-59 (1990) ("We consider the terms 'especially heinous, cruel or depraved' in the disjunctive[,] and a finding beyond a reasonable doubt of any one of the three alternative elements is sufficient to find this circumstance exists."). Therefore, because we have found sufficient evidence supports

the jury's finding that the murder was especially cruel, we need not address Johnson's argument that the state also failed to prove it was especially heinous or depraved.[5]

## Diminished Capacity Evidence

¶10        Johnson argues the trial court erred when it precluded him from presenting a psychiatrist's testimony to rebut the alleged aggravating factor that he had committed the murder in an especially cruel, heinous, or depraved manner. Specifically, Johnson sought to present evidence through the testimony of Dr. Lauro Amezcua-Patino that Johnson has bipolar disorder, and on the night of the homicide he had ingested too much prescription medication, which in turn caused an amnestic dissociative state in which he committed the homicide. Johnson's purpose in presenting the evidence was to rebut the state's allegation that his actions were cruel, heinous, or depraved. We generally review a court's evidentiary ruling for an abuse of discretion, *see State v. Dann*, 220 Ariz. 351, ¶ 117, 207 P.3d 604, 625 (2009), but we review de novo questions of statutory

---

[5]As already noted, we do not decide in this appeal whether we must apply the standards found in our capital sentencing jurisprudence to determine whether the evidence was sufficient to prove the aggravating circumstance that the offense had been carried out in an especially cruel, heinous, or depraved manner. Under those standards, Johnson makes a strong argument that the state has presented insufficient evidence of gratuitous violence, which was one of the necessary components of the jury's finding of heinousness or depravity in this case. *See State v. Wallace*, 229 Ariz. 155, ¶¶ 27-28, 33-35, 272 P.3d 1046, 1052-53, 1053-54 (2012); *State v. Bocharski*, 218 Ariz. 476, ¶¶ 85-91, 189 P.3d 403, 421-22 (2008); *see also infra* n.8 (discussing standards set forth in *Bocharski*). However, as stated above, we need not address that argument further because we have found sufficient evidence of cruelty, and, therefore, our review of this issue does not require us also to find sufficient evidence of heinousness and depravity. *See Hinchey*, 165 Ariz. at 438-39, 799 P.2d at 358-59.

8

interpretation or constitutional law. *See State ex rel. Thomas v. Klein*, 214 Ariz. 205, ¶ 5, 150 P.3d 778, 780 (App. 2007).

¶11 Johnson had given the state notice before the aggravation trial that he intended to call Patino as a witness. The state did not object at that time, but on the day of trial asked for "an avowal as to what [Johnson] expect[s] Doctor Patino to testify about." Johnson contended Patino's testimony would be relevant in the aggravation trial to rebut the state's evidence about Johnson's state of mind as to the cruel, heinous, or depraved factor. The trial court, while expressing some reservation, ruled it would allow Patino to testify. Based on that ruling, Johnson asked the prospective jurors during voir dire questions about psychiatric testimony in a criminal trial and engaged one particular juror in a lengthy discussion about the topic.

¶12 After the jury had been excused for the day, the state complained that it did not know what Patino would testify about and also implied that any testimony he offered would be irrelevant. The trial court reconsidered the issue and, based on a lack of case law specifically authorizing the use of the testimony to rebut the state's aggravation evidence, precluded Patino from testifying. Johnson moved the court to reconsider its ruling and the court denied the motion.[6]

---

[6]In the alternative, Johnson moved for a mistrial based on the fact he already had told the jury a psychiatrist would be testifying. The trial court denied the motion and, although he argues the court erred in that denial, we need not address the issue in this appeal in light of our resolution of the evidentiary issue.

¶13     The state contends this evidence constitutes diminished capacity evidence that is prohibited from admission because Johnson "introduced it to negate the relevant *mens rea*." Diminished capacity evidence has been defined in its broadest sense as "'showing that the defendant's mental capacity was reduced by mental illness, mental defect or intoxication.'" *Clark v. Arizona*, 548 U.S. 735, 772 n.41 (2006), *quoting People v. Berry*, 556 P.2d 777, 781 (Cal. 1976). In Arizona, our legislature expressly has precluded it from being used "either as an affirmative defense or to negate the *mens rea* element *of a crime*." *State v. Mott*, 187 Ariz. 536, 541, 931 P.2d 1046, 1051 (1997) (second emphasis added).

¶14     And, the language of the relevant statute discussed in *Mott*, A.R.S. § 13-502(A), provides that insanity is a defense to a "criminal act." That statute does not address whether evidence of diminished capacity can be used to determine the appropriate range of sentence once a defendant's guilt has been established. Had the legislature intended to apply a similar prohibition to the sentencing phase, we presume it would have so stated. Subsection (A) of § 13-502 was passed in its current form in 1993, before *Mott*, and has not been amended since. *Compare* 1993 Ariz. Sess. Laws, ch. 256, § 3, *with* 2008 Ariz. Sess. Laws, ch. 301, § 14. Thus, we can presume the legislature has approved the supreme court's interpretation of the statute as precluding diminished capacity evidence to defend against the *mens rea* element of an offense. *See Hause v. City of Tucson*, 199 Ariz. 499, ¶ 10, 19 P.3d 640, 643 (App. 2001) ("[W]hen the legislature reenacts without change a statute that has been interpreted by our supreme

10

court, we presume the legislature has adopted the supreme court's interpretation . . . ."). And even after the United States Supreme Court ruled defendants have a right to have aggravating factors decided by a jury in *Blakely v. Washington*, 542 U.S. 296, 301, 303-04 (2004), the legislature did not amend the statute to expressly limit diminished capacity evidence from being presented in a jury trial on aggravating factors. *See State v. Garcia*, 227 Ariz. 377, ¶ 15, 258 P.3d 195, 198-99 (App. 2011) (legislature "free to amend" statute to reflect its intent).

¶15        Thus, as demonstrated by the language of the statute and our supreme court's interpretation of it, to the extent the evidence here constitutes evidence of diminished capacity, the legislature only intended to preclude such evidence when a defendant attempts to use it to negate his or her responsibility for a crime in the guilt/innocence phase of the trial.  Nothing about § 13-502 or *Mott* precludes diminished capacity evidence from being presented in the aggravation phase of sentencing when a defendant already has been found criminally responsible.  *See State v. Denny*, 116 Ariz. 361, 365, 569 P.2d 303, 307 (App. 1977) ("We will not extend a statute to include matters not within its express provisions."); *accord City of Phx. v. Donofrio*, 99 Ariz. 130, 133, 407 P.2d 91, 93 (1965).

¶16        To the contrary, a defendant at an aggravation hearing is "free to dispute [the state's evidence of aggravators] or produce any witness or other documentation to dispute the state's evidence." *State v. Thomas*, 110 Ariz. 106, 109-10, 515 P.2d 851, 854-55 (1973).  Moreover, whether we analyze the proffered psychiatric testimony here

11

under our evidentiary rules for jury trials or under the more relaxed standards for the presentation of evidence in sentencing proceedings, the evidence would be admissible. The proffered evidence was relevant to the issues in dispute and offered through the testimony of a live expert witness who had foundation for his opinions. *Compare* Ariz. R. Evid. 402 ("[a]ll relevant evidence is admissible" unless otherwise precluded by rules, constitutions, or statutes),[7] *with* Ariz. R. Crim. P. 26.7(b) (broadly allowing "any party" at presentence hearing to "introduce any reliable, relevant evidence, including hearsay, in order to show aggravating or mitigating circumstances"). And, the state has presented no technical evidentiary challenge to the admissibility of the testimony under either standard, apart from its incorrect contention that such evidence would violate § 13-502 and *Mott*.

**¶17** Here, to prove the aggravating circumstance that the murder was committed in an especially cruel, heinous, or depraved manner, the state presented evidence about Johnson's state of mind as he killed his former wife.[8] The state's forensic pathologist testified that "this [wa]s a very personal crime," a "crime of passion," and that Johnson

---

[7]We cite the version of the rule in effect during Johnson's 2010 aggravation trial. The current rule differs only in style. *See* Ariz. R. Evid. 402 cmt. to 2012 amend.

[8]As set forth above in the discussion of the sufficiency of the evidence, to prove cruelty, the state needed to show Johnson knew or should have known he was causing his victim mental or physical anguish. *See State v. Bocharski*, 218 Ariz. 476, n.15, 189 P.3d 403, 421 n.15 (2008); *State v. Smith*, 146 Ariz. 491, 504, 707 P.2d 289, 302 (1985). Proof of heinousness and depravity focuses on Johnson's state of mind, *see Bocharski*, 218 Ariz. 476, ¶ 83, 189 P.3d at 420, and at least one of the five specific factors considered in determining whether a killing was heinous or depraved—the infliction of gratuitous violence, which the state alleged here—requires a determination that Johnson "intentionally inflicted violence after he knew or should have known of a fatal occurrence." *Id.* ¶¶ 83, 91.

12

must have committed the crime with "an enormous amount of rage" and "anger." The state then emphasized that evidence in its closing argument by stating Johnson was "so angry and enraged that he brutally butcher[ed] his former wife." The state further described Johnson as "a guy that hates [the victim]. . . . He's trying to punish her. He's trying to inflict pain and suffering on her. That's what he wants. That's why he's doing it."

¶18 Clearly, Johnson was entitled to present evidence rebutting the state's characterization of the killing.[9] In that context, Patino's testimony was squarely relevant to the extent it suggested Johnson was too debilitated by mental illness and prescription medication either to formulate any intention to be especially cruel or to knowingly inflict gratuitous violence beyond the fatal acts. Thus, the trial court abused its discretion in precluding the evidence. And, because we cannot say beyond a reasonable doubt that the jury would have reached the same conclusion had the evidence been presented, *see State*

---

[9]Johnson argues he was denied his constitutional right to present a complete defense. *See State v. Machado*, 224 Ariz. 343, ¶ 12, 230 P.3d 1158, 1166 (App. 2010), *aff'd*, 226 Ariz. 281, 246 P.3d 632 (2011). Because we have decided the trial court abused its discretion in precluding the evidence, we need not decide the constitutional question. *See State v. Korzuch*, 186 Ariz. 190, 195, 920 P.2d 312, 317 (1996) ("In general, . . . we should resolve cases on non-constitutional grounds in all cases where it is possible and prudent to do so.").

*v. Bass*, 198 Ariz. 571, ¶ 40, 12 P.3d 796, 806 (2000), we vacate the jury's findings that Johnson committed the murder in an especially cruel, heinous, or depraved manner.[10]

**¶19**     However, we do not remand the case for another jury trial on the aggravating circumstances because at least one other aggravating circumstance was proven to the jury beyond a reasonable doubt. As we explain below, Johnson's challenge to the jury's findings on those aggravators has not been successful in this appeal. Thus, Johnson's right to have a jury find the facts "legally essential to the punishment" has been adequately protected, *Blakely*, 542 U.S. at 313, and in the next resentencing proceeding the trial court may consider any of the other alleged aggravators and find whether they exist by a preponderance of the evidence.[11] *See State v. Martinez*, 210 Ariz. 578, ¶ 26, 115 P.3d 618, 625 (2005) ("[O]nce a jury finds or a defendant admits a single aggravating factor, the Sixth Amendment permits the sentencing judge to find and consider additional factors relevant to the imposition of a sentence up to the maximum prescribed in that statute.").

---

[10]For the first time at oral argument, the state argued that the standard for proving the mental state of the cruel, heinous, or depraved aggravating factor is an objective, "reasonable person" standard, which, in its view, would render the diminished capacity evidence irrelevant. However, our supreme court has addressed the issue squarely in *State v. Moody*, 208 Ariz. 424, ¶ 226, 94 P.3d 1119, 1167 (2004), and reached a contrary conclusion. *See id.* (finding evidence of defendant's "dissociated state" at time of murder relevant to rebut requirement he knew or should have known victim would suffer).

[11]In accordance with this decision, when considering the cruel, heinous, or depraved factor, the trial court should take into account any relevant, reliable evidence Johnson presents to rebut the state's evidence of his mental state.

¶20      The state contends any error here does not require the case to be remanded for resentencing of any kind because the trial court twice has given the same sentence and it "outright reject[ed]" Johnson's mitigation evidence based on Patino's opinions at the second sentencing. It thus maintains the court would impose the same sentence in any further proceeding.[12] *See State v. Ojeda*, 159 Ariz. 560, 561-62, 769 P.2d 1006, 1007-08 (1989) (if judge relies on inappropriate sentencing factor, we "affirm without remand only where the record clearly shows the trial court would have reached the same result even without consideration of the improper factors"). But the court only "outright reject[ed]" two of his mitigating factors, and it is only when a court finds no mitigating factors in the presence of at least one aggravating factor that it has no discretion but to impose an aggravated sentence. *See* A.R.S. § 13-701(F). Moreover, it is not clear whether the court would find as an aggravating factor that the offense was committed in an especially cruel, heinous, or depraved manner when considering Patino's expert opinion in that context. Thus, the record does not demonstrate that the court would necessarily impose the same sentence after appropriately reconsidering the erroneously found aggravating factors, and we remand the case for further proceedings. *See State v. Hardwick*, 183 Ariz. 649, 656-57, 905 P.2d 1384, 1391-92 (App. 1995) (necessary to

---

[12]The state also argues that any error was harmless because the court considered the evidence in mitigation. But the use of evidence to rebut aggravating factors is distinct from its use as mitigation evidence. For example, the consideration of the evidence in the aggravation stage could yield a determination that the aggravating circumstance did not exist at all, while the consideration of the evidence solely in mitigation never could have that effect. Moreover, some features of the psychiatric evaluation might be considered pertinent to rebut aggravation while other features might be more relevant in mitigation.

remand for resentencing when "record does not reveal" whether sentencing judge would have imposed different sentence when not considering improper factor); *cf. State v. Lehr*, 205 Ariz. 107, ¶¶ 8-9, 67 P.3d 703, 705-06 (2003) (remanding for resentencing in capital case when reversal of basis for one aggravating factor meant "sentencing calculus" had changed and finding error harmless would be "too speculative").

¶21 We vacate the jury's findings on the cruel, heinous, or depraved aggravator and remand the case for resentencing. We do not address any additional claims Johnson has raised that, even if valid, would not have affected the jury's findings on the emotional-harm or open-casket factors.

## Double Jeopardy

¶22 Johnson argues his sentence violated double jeopardy principles because the state did not allege any aggravating factors until after jeopardy had attached in his first trial. The state responds that the law of the case bars this court from reaching the issue's merits because Johnson had raised it in his first appeal and it was rejected. *See State v. King*, 180 Ariz. 268, 278, 883 P.2d 1024, 1034 (1994) (under law of case doctrine, "'no question necessarily involved and decided on . . . appeal will be considered on a second appeal . . . in the same case, provided the facts and issues are substantially the same as those on which the first decision rested'"), *quoting In re Monaghan's Estate*, 71 Ariz. 334, 336, 227 P.2d 227, 228 (1951). The state is correct: Johnson made the same argument in his first appeal, this court rejected it, and the facts and issues have not changed since then. *State v. Johnson*, No. 2 CA-CR 2007-0268, ¶¶ 1-2, 12-19

16

(memorandum decision filed May 29, 2008). Johnson has not persuaded us that we should disturb our decision in the first appeal on that issue.

¶23 Johnson also contends we should revisit our first decision because it is in conflict with *State v. Cretens*, No. 2 CA-CR 2008-0155 (memorandum decision filed Apr. 8, 2009), and "[a]ll of the published case law on this issue." Although Johnson emphasized in oral argument that he was citing *Cretens* only to demonstrate there was a conflict between two panels of this court, his extensive focus on the reasoning of *Cretens* in his opening brief suggests he also was citing it as persuasive authority. First, to the extent Johnson uses *Cretens* to support his argument on appeal, this is impermissible under Rule 31.24, Ariz. R. Crim. P. Second, to the extent he attempts to incorporate the authorities or arguments found in *Cretens* in lieu of setting them forth and developing them in his opening brief, such practice is prohibited by Rule 31.13(c)(1)(vi), Ariz. R. Crim. P. *See State v. Walden*, 183 Ariz. 595, 605, 905 P.2d 974, 984 (1995) ("[a]rgument must be in the body of the brief," and text in appendix stricken), *overruled on other grounds by State v. Ives*, 187 Ariz. 102, 927 P.2d 762 (1996); *State v. Bolton*, 182 Ariz. 290, 298, 896 P.2d 830, 838 (1995) (argument not within body of brief procedurally defaulted). Accordingly, we decline to reconsider Johnson's double jeopardy argument.

### Double-Counted Factors

¶24 Johnson argues the trial court erred by double-counting the cruel, heinous, or depraved factor because the jury found it as two separate aggravating factors. The state concedes the trial court erroneously double-counted the factor, and the statute is

17

clear that it constitutes but one factor. *See* A.R.S. § 13-701(D)(5). Thus, on remand, if the court finds by a preponderance of the evidence that the murder was committed in an especially cruel, heinous, or depraved manner, we trust the court will consider it as only one factor when weighing the aggravating and mitigating circumstances. *See* § 13-701(F).

¶25 Noting that the trial court had found emotional harm to the family as a separate aggravating factor, Johnson argues the trial court essentially double-counted the open casket factor because it is "really just a different way of saying the victim's family suffered tremendous emotional harm." "Whether a trial court may employ a given factor to aggravate a sentence presents a question of law we review *de novo*." *State v. Alvarez*, 205 Ariz. 110, ¶ 6, 67 P.3d 706, 709 (App. 2003). Johnson does not develop this argument other than to cite *State v. Styers*, 177 Ariz. 104, 116, 865 P.2d 765, 777 (1993), a case in which our supreme court found it improper to use one fact to prove more than one aggravating factor if the court weighs that particular fact twice. There is no evidence the court here weighed the fact twice.

¶26 To the extent Johnson is arguing there was insufficient evidence to support both factors, the state presented evidence the victim's family suffered harm in addition to the harm from being denied an open-casket funeral. Thus, even if the denial of an open-casket funeral was part of the family's emotional harm, each factor was supported by independent evidence.

18

**Disposition**

**¶27** For the foregoing reasons, we vacate the jury's finding that the murder was committed in an especially cruel, heinous, or depraved manner and remand the case to the trial court to conduct a new sentencing proceeding consistent with this opinion.

/s/ *Peter J. Eckerstrom*
_____
PETER J. ECKERSTROM, Presiding Judge

CONCURRING:

/s/ *Joseph W. Howard*
_____
JOSEPH W. HOWARD, Chief Judge

/s/ *J. William Brammer, Jr.*
_____
J. WILLIAM BRAMMER, JR., Judge

19